## Ex parte Anderson Crenshaw.

An appeal was prosecuted by the complainants in the Circuit Court of Alabama, to the Supreme Court, and the citation required by the act of Congress had not been served on the appellee, and he had no notice of the appeal. In printing the copy of the record of the Circuit Court, the return of the marshal of the district, stating that the citation to the appellee had not been served, was accidentally omitted. The Court, on motion by the counsel for the appellee, declared the decree in the case made at January term, 1840, null and void; revoked the mandate issued to the Circuit Court of Alabama, and dismissed the appeal.

AT January term, 1840, the case of Jefferson L. Edmonds et al. appellants, *v.* Anderson Crenshaw was brought before the Court, on appeal from the decree of the Circuit Court of Alabama, which had been given in favour of the appellee; in which Court the bill of the complainants, the appellants, was ordered to be dismissed. The Supreme Court had proceeded to hear and adjudge the case, after argument for the appellants by their counsel, Mr. Key, no counsel having appeared for Mr. Crenshaw, (14 Peters, 166,) and had reversed the decree of the Circuit Court.

It was afterwards discovered that a citation on the appeal had never been served on the appellee, and that the Court was, by an accidental circumstance, in the printing of the transcript of the record for the use of the Supreme Court, led to the belief that the appellee had been cited to appear, in the manner required by the judiciary law. Under this belief, the Court had proceeded to a decision of the case.

Mr. Sergeant, for Mr. Crenshaw, on notice to Mr. Key, the counsel for Jefferson L. Edmonds and others, moved the Court, on the first day of the term, to set aside and annul the judgment and decree of this Court, in the case, on the ground that no citation had been served upon the appellee, nor other notice given to him of the appeal; and that the same was heard ex parte.

He also moved to dismiss the case on the ground that it was brought up by writ of error, instead of appeal; and whether by appeal or writ of error, it was not in time; and also on other grounds.

The motion was argued by Mr. Sergeant, for Mr. Crenshaw; and by Mr. Key, for Mr. Edmonds and others.

Mr. Sergeant, in support of the motion, first exhibited the printed copy of the record, showing, that owing to some mistake, a material part of the record had been omitted in the printing; and thus it had happened that this Court were not informed that there had been no notice of the appeal. The omitted part purported to be a return to the citation, and was as follows : " Rec'd. Dec. 29, 1838; not found Jan. 1839, R. L. Crawford, U. S. M. by C. Cuyler, D. M." This could not have been in time, if served immediately on coming to the officer's hands. The return day was the second Monday of January, 1839, less than thirty days. Where the citation had been from the time it was issued, 15th May, 1838, did not appear.

He next read the affidavits of Anderson Crenshaw, of Robert G. Gordon, one of his counsel below, of David Files, clerk of the Circuit Court of the Alabama district, and of Robert L. Crawford, marshal, to prove that there was no notice or knowledge of the removal of the case here; and also that Judge Crenshaw, the appellee, was a known resident of the district, who could be found.

He next proceeded to show from the printed record the following facts :

That the decree below, which was on the equity side of the Court, was made and rendered on the second Monday of December, 1829.

That a petition for an appeal was filed in the clerk's office, (but not presented to the Court,) on the 13th August, 1836. This appeal was not allowed, nor security given; nor does it appear to have been prosecuted.

On the same day, 13th August, 1836, a writ of error was issued, and security given by bond, dated 5th September, 1836; the only security that ever was given. This bond was, in express terms, for prosecuting the writ of error. Upon this writ, and not otherwise, the case came here. There could not be both error and appeal.

That whether it was error or appeal, it was out of time. There were more than five years from the decree (December, 1829) to

the petition for appeal, and suing out the writ of error, (13 August, 1836,) still longer, to the giving the bond in error, (5 September, 1836,) and the citation was not till 1838.    This being the general rule, if the appellants rely upon any exception, it is for them to prove it.    They have not done so.

The bill, in the Court below, was filed on the 22d March, 1827.   The complainants were a man and his wife, of full age, a lady of full age.    But the question is, how they stood at the time of the decree, and till within five years of the writ of error.

Upon this point of fact, there is no proof whatever.    There is not even a formal allegation; in support of which evidence could be received, or upon which an issue could be tendered.    In the petition for the appeal, there is an averment that one of the parties remained a minor.    In the writ of error, by an improper license in the use of the writ, which has its own appropriate form, and ought not to be exposed to alterations by a party, there is a like averment.    These are, at best, only ex parte suggestions, out of place, and not in a shape to be traversed or denied.    The party against whom they are made, has no knowledge of them, nor opportunity to controvert them.

The averment, however, if admitted, is insufficient.    The disability alleged is infancy.    The infancy is alleged only as to one of several complainants.    The others were of full age.    It is settled, as will be seen presently, that this will not do.

On these facts, the law is quite clear.   The case was never regularly before this Court.    The Court had no jurisdiction; and the whole proceeding here is a nullity.

1. The case was brought here by writ of error.    A writ of error in such a case is not authorized by law.   The San Pedro, 2 Wheat. 132.

2. If brought by appeal, it must have been dismissed as un-warranted by law.    For,

1. No security was given upon appeal; it was upon the writ of error.    Without security, there can be no appeal.    The act of 1803 requires it as well as upon a writ of error.    2 Wheat. 132.

2. No citation was served, nor notice given, which are expressly required by act of 1789, upon writs of error, 1 Story's Laws, 60. § 22; and in appeals, by act of 1803.   2 Story's Laws, 905, § 2.

The only exception is, where the appeal is as at the same term when the decree is given. Here, the decree was not at the same term, nor in term time. The want of it makes the proceeding void. If service of process or notice be necessary to enable a Court to exercise jurisdiction in a case, without it, the proceeding is a nullity. Lessee of Walden *v.* Craig's heirs, 14 Peters, 147.

3. The appeal was never allowed. This is necessary. Dos Hermanos, 10 Wheat. 306. If applied for, there would have been opportunity to give notice and settle facts. No opportunity was afforded.

4. The appeal (if any) was not in time. The gratuitous and irregular allegation in the writ of error and petition, if admitted, will not avail. The disability of one of the complainants will not prevent the bar. The whole will be barred, unless the whole be under disability. Marsteller *v.* M'Clean, 7 Cranch, 156. Perry *v.* Jackson, 4 Term Rep. 516. 3 Murphy, 577.

In reply to the argument, that the application was too late, after the term when the decree was made, Mr. Sergeant referred to Bank of Commonwealth *v.* Wistar, 3 Peters, 431. Sibbald *v.* The United States, 12 Peters, 488.

The present case, he argued, was far stronger than either of those just cited; for he had shown that the Court had no jurisdiction, and that the decree was a nullity. The Court was led into an error by the omission to print a material part of the record, and thus to give an ex parte hearing in a case never before them. The appellee was left in ignorance that any thing which concerned him was pending here; and came at the first opportunity afforded him, to ask that the error may be corrected.

Mr. Key, against the motion.

The appellee cannot, justly, complain of the proceedings of this Court at January term, 1840. The whole matter which could be alleged in defence was before the Court, in the answer to the bill of the complainants in the Circuit Court of Alabama. The case exhibited was that of an executor accepting the trusts declared by the will, receiving a large amount of the estate of the testator, and leaving to his co-executor to appropriate the money he had received, on his personal responsibility for the conduct

of the co-executor.   If, by the failure of the co-executor to perform the duties imposed on him, the cestui qui trusts are injured, the loss must be sustained by the person who confided in him. No appearance of the appellee before the Court can change this position of the case; and where by the decree of the Court full justice has been done, according to law, the Court will not interfere.

Nor can the matters presented in support of the motion be inquired into.   The case has passed into judgment; and is no longer before the Court, or in the power of the Court.   Cited, Jackson v. Ashton, 10 Peters, 482.

As to the bar of the claims of the appellants, interposed by the statute of limitations; Mr. Key argued that, as in this case, there was a minority, the statute would not affect all the parties. The true construction would be, as the statute did not operate on all, it should operate on none.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case was brought here by an appeal from the decree of the Circuit Court for the Southern District of Alabama.   It was argued at the last term, on the part of the appellants; and the decree of the Circuit Court reversed.   The argument and decision are reported in 14 Peters, 166.

Anderson Crenshaw, against whom the judgment of this Court was given, never appeared to the appeal; but the argument was heard in behalf of the appellants, and the decree of the Circuit Court reversed, under the belief that a citation had been regularly issued, and served upon him.   It now appears, that an accidental circumstance led the Court into error, in this respect; and that Crenshaw was not cited to appear in the manner required by the act of Congress.

A motion has been made, at the present term, on behalf of Crenshaw, to set aside and annul the judgment and decree of this Court; and also to dismiss the appeal.

As there is no case now pending here, between these parties, there is nothing upon which an order to dismiss would operate. But upon the facts above stated, it is very clear that the case was not legally before us at the last term; and the decree then pro-

nounced must therefore be declared null and void, and the mandate directed to the Circuit Court must be revoked. An order will accordingly be issued from this Court.

On consideration of the motion made by Mr. Sergeant, on a prior day of the present term of this Court, to wit: on Monday, the 11th ultimo, and of the arguments of counsel thereupon had, as well against as in support of said motion: It is now here ordered, adjudged, and decreed, that the judgment and decree of this Court, rendered in the above entitled cause, on Wednesday, the 26th day of February, A. D. 1840, be, and the same is hereby, declared utterly null and void; and that the mandate of this Court directed to the judges of the said Circuit Court, in this cause, be, and the same is hereby revoked. And it is also now here further ordered that the clerk of this Court do forthwith send to the judges of the Circuit Court of the United States for the Southern District of Alabama, a copy of this order of the Court, under the seal of this Court, together with a copy of the opinion of this Court, pronounced this day.