# NEW YORK CONTINENTAL JEWELL FILTRATION COMPANY *v.* KARR.

---

STATUTES; PROCESS; FOREIGN CORPORATIONS.

1. A statute providing a method for service of process for the purpose of bringing an individual or corporation into court, must be strictly followed, and the court is powerless to declare service of process valid where there has not been a strict compliance with the requirements of the statute.

2. In an action against a foreign corporation, service of summons is insufficient where it appears, on a motion to quash, made under a special

appearance, heard on affidavits and oral testimony, that the defendant had been engaged in railroad construction work in this District; that, before the service of the summons on the person claimed to be its superintendent and watchman, the defendant had completed the work and removed its office and effects from the District; that it had employed another foreign corporation to take charge of and keep in order certain of the work left by it, and that the parties served, although formerly in the employment of the defendant, were at the time of the service in the employment of such other corporation; although it also appears that the principal stockholders of the employed corporation are stockholders of the defendant company, and that some of the directors of one company are directors of the other. (Construing sec. 1537, D. C. Code, [31 Stat. at L. 1419, chap. 854.]).

No. 1888.    Submitted May 5, 1908.    Decided June 2, 1908.

HEARING on an appeal, specially allowed, from an order of the Supreme Court of the District of Columbia overruling a motion to vacate a service of summons.                    *Reversed.*

The facts are stated in the opinion.

*Mr. James H. Hayden* for the appellant.

*Mr. J. A. Maedel, Mr. Samuel Maddox,* and *Mr. H. Prescott Gatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This case comes here on special appeal from an order of the supreme court of the District of Columbia overruling a motion of appellant company, The New York Continental Jewell Filtration Company, to vacate the marshal's return of service of summons upon said company. It appears that appellee, Jacob Karr, brought suit against appellant, a foreign corporation, and the Philadelphia, Baltimore, & Washington Railroad Company for damages to his property alleged to have been sustained as a result of the construction, by appellant, of certain tunnels forming part of the terminals of said railroad in the city of

Washington. On January 8, 1908, summons was served on one
J. H. Mills. The marshal's return stated that Mills was assist-
ant superintendent of the appellant company. On January 10,
1908, another summons was served on one Thomas Ball. The
return of service stated that Ball was a watchman in the employ
of appellant.

Appellant thereafter appeared specially, and moved the court
to quash the service for the reasons: "First, that the defendant
is a foreign corporation, which, at the time of the said alleged
service upon it, was not doing business in the District of Colum-
bia, nor transacting business therein, and did not have any place
of business in the said District or any officer, agent, or employee
therein; second, that the defendant at the said time had no place
of business in the said District, nor any officer, agent, or em-
ployee therein; and that neither the said John H. Mills, nor the
said Thomas Ball, was, at the time of the above-mentioned
service upon him, an officer, agent, or employee of the defend-
ant; and, third, that, even if the said John H. Mills and
Thomas Ball had been officers, agents, or employees of the de-
fendant within the meaning of the act of Congress approved
February 1, 1907 (34 Stat. at L. 874, chap. 445), and of sec.
1537 of the Code of Laws of the District of Columbia [31 Stat.
at L. 1419, chap. 854], the above-mentioned service of process
upon them, and the above-mentioned service upon each of them,
was void for the reason that the said act of Congress and said
section of said Code, as applied to a foreign corporation, having
no place of business in the said District of Columbia, or any
officer or agent resident therein, are unconstitutional and void,
because, if enforced, they would deprive the said defendant of
its property without due process of law." This motion was
heard on affidavits filed by the parties, and testimony taken in
open court.

It appears that, between 1903 and September, 1907, appel-
lant was engaged in constructing certain tunnels for the Phila-
delphia, Baltimore, & Washington Railroad Company in the
city of Washington. During the prosecution of this work, Mills
was employed by appellant as a foreman, and Ball was em-

ployed as a laborer. The contract under which appellant constructed the tunnels, among other things, provided that, "after the completion of said tunnels," the appellant was "to repair the streets, avenues, sidewalks, and alleys which may be interfered with by the construction of the same to the condition in which they are at present to the satisfaction of the commissioners of the District of Columbia, within sixty days after the date when said tunnels shall have been completed;" and, "at its own cost and expense, to take care of and provide all necessary false work, machinery, and appliances and labor for sustaining, guarding, removing, changing, or altering all water mains and gas pipes, sewers, passenger-railway tracks and railway, telephone, electric-light, and other conduits, and any other lawful obstruction which it may encounter in doing the work upon the tunnels, and also for supporting and sustaining the streets, avenues, sidewalks, and alleys over said tunnels and all buildings and structures thereon and traffic thereover, and also agrees to obtain from the proper authorities of the District of Columbia all necessary permits to make any changes which may be necessary in said streets, avenues, sidewalks, and alleys;" and "to erect lights, barriers, and so forth." The tunnels were completed in September, 1907, but the work of restoring the streets was not completed at that time.

Shortly after the completion of the tunnels, the appellant employed the Tunnel Concrete Company, another foreign corporation, to observe the condition of the false work left by appellant and keep it in order, and to observe and report to appellant any defect or settling that might occur in the pavement along the line of the tunnel. The two men upon whom service was made were employed to make these observations. There is some conflict in the evidence as to who employed these men, after October 15, 1907. It is conceded that, prior to this, the appellant company had removed its local office and all its belongings from the District of Columbia. Appellee contends that these two men were left by the defendant to make the observations; while the defendant insists that it employed the Tunnel Concrete Company to make the observations, and that the two men were em-

ployed by said company to perform this work after October 15, 1907.

The witness Mills testified that he and Ball were in the employ of the Tunnel Concrete Company after October 15, 1907; that the money to pay his wages and those of Ball was sent to him by one Williams, who was chief engineer of appellant company and president of the Tunnel Concrete Company, and that he paid Ball his wages. Ball was taken to the office of counsel for appellee, where he made statements to the effect that he had been employed by defendant for more than four years, and continued in its employ up to January 11, 1908. These statements he afterwards contradicted under oath. Ball was a common laborer working under the direction of Mills. His wages were sent to Mills, and paid to him by Mills. There is a strong probability that he was mistaken as to who his employer was after October 15th, since he continued to hold the same relation to Mills after, as he did before, the change. His employment, character of work, and amount of wages received remained the same after the change as before. Mills testified positively to the employment of himself and Ball after October 15th by the Tunnel Concrete Company, and in this he is corroborated by other witnesses holding official positions in the respective companies. We think the uncertain and contradictory evidence of Ball alone is not sufficient to overcome the testimony of these witnesses. The Tunnel Concrete Company and the appellant are independent corporations. Some of the directors of one company are directors in the other, and the principal stockholders of the Tunnel Concrete Company are stockholders in the appellant company.

Section 1537 of the Code of the District of Columbia provides as follows, in relation to service of summons on foreign corporations: "In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business, or, in case he is absent and cannot be found, by leaving a copy at the principal place of business in the District, or, if there be no such place of business, by leaving the same at the place of business

or residence of such agent in said District; and such service shall be effectual to bring the corporation before the court." On February 1, 1907, this provision of the Code was amended by adding the following (34 Stat. at L. 874, chap. 445) : "When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer, or agent, or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia, or growing out of any tort heretofore or hereafter committed in the said District."

It will be observed that these provisions of the statute furnish a means of securing service on foreign corporations under two conditions: First, where such a corporation has a place of business in the District, and, second, where such corporation is transacting business in the District but has no place of business therein. Counsel for appellant urge that the appellant company, at the time service was attempted to be made, was not doing business in the District. It is unnecessary for us to determine this question. Appellant had closed its office and removed its property from the District. Hence, if it was doing business here within the provision of the statute, it must have been through an officer, agent, or employee. We have found that Mills and Ball, at the time the service was made, were not officers, agents, or employees of the appellant, and service upon appellant could not be secured by service of summons upon them. The only agent the appellant seems to have had in the District, at the time service was attempted to be made, was the Tunnel Concrete Company. It is insisted that this company was formed by the appellant to be used as a subterfuge in cases like the present to enable appellant to escape service. This conclusion was based upon certain evidence to the effect that the stockholders, directors, and officers in the Tunnel Concrete Company, in some instances, held the same relation to the appellant company. The fact remains that the Tunnel Concrete Company was a separate, independent corporation from that of appellant. It had the power to contract with appellant to perform the work it en-

gaged to do in the District. There is nothing to prevent the stockholders of appellant company from being stockholders in the Tunnel Concrete Company, or the directors and officers in one being the directors and officers in the other. Neither company owned stock in the other. Neither would the fact, if established, that the appellant furnished the money for the Tunnel Concrete Company to do business on affect the situation. As was well said by Mr. Justice Jackson in *United States* v. *American Bell Teleph. Co.* 29 Fed. 17: "For one person to supply means for another to do business on is not the doing of that business by the former." No attempt was made to procure service upon appellant through service of summons on the Tunnel Concrete Company as the agent and employee of appellant. If such service had been made, we would be confronted with the more difficult question of whether or not appellant was doing business in the District within the meaning of the statute, —a question upon which we express no opinion.

Statutes providing a method for service of process for the purpose of bringing individuals or corporations into court, must be strictly followed, and the court is powerless to declare a service of process valid where there has not been a strict compliance with the requirements of the statute. In this case the statute prescribes the manner in which summons should be served in order to bring appellant into court. No other method will avail. No substitution can be made by the court that will give it jurisdiction. The situation may be an unfortunate one; the circumstances may look suspicious, but it is one which the court, in the face of the letter of the statute, cannot remedy.

The judgment is reversed with costs, and the cause remanded for further proceedings in accordance with the views herein expressed.                                    *Reversed.*