# MURPHY v. GOULD.

# MURPHY v. CAPITAL TRACTION COMPANY.

APPEAL AND ERROR; BILL OF EXCEPTIONS; MOTION TO DISMISS.

1. Rules of court have the force of law and are binding upon the court, and upon suitors, and those who represent suitors. They cannot be dispensed with by the court to meet the hardship of a particular case. (Following *District of Columbia* v. *Roth,* 18 App. D. C. 547; *Talty* v. *District of Columbia,* 20 App. D. C. 489; *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440; and *District of Columbia* v. *Humphries,* 11 App. D. C. 68.)

2. Decisions here as to the time of taking and settling bills of exceptions must be made in accordance with the terms of local rules made in accordance with the terms of local rules of court, and not the statutes and rules of courts of other jurisdictions. (Following *Mackall* v. *Willoughby,* 8 App. D. C. 143; *District of Columbia* v. *Humphries,* 11 App. D. C. 68; and *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440.)

3. The requirement of a rule of court that a copy of a bill of exceptions be served upon opposing counsel eight days before the time fixed for presenting the bill for settlement will be deemed to have been violated by a later service, although on the day fixed the trial judge was absent, and did not return for more than eight days after the service, court, in the meantime, having been held by his colleague. (Following *Johnson-Wynne Co.* v. *Wright,* 28 App. D. C. 375.)

4. A motion to docket and dismiss an appeal because of a failure to obtain an extension of time for filing the transcript should be granted without inquiry into the facts upon which the motion is founded, where there is no bill of exceptions; and it is conceded that the appeal would be of no avail without a bill of exceptions.

No. 393. Original and No. 2478. Submitted November 22, 1912. Decided December 2, 1912.

HEARING on a petition for a writ of mandamus to one of the justices of the Supreme Court of the District of Columbia to compel him to settle a bill of exceptions. *Petition dismissed.*

The facts are stated in the opinion.

*Mr. J. Altheus Johnson* for the petitioner.

*Mr. F. D. McKenney* and *Mr. R. Ross Perry* for the respondent.

Mr. Chief Justice Shepard delivered the opinion of the Court:

This is a petition for a writ of mandamus to compel Mr. Justice Gould, of the supreme court of the District of Columbia, to settle a bill of exceptions. It appears from the petition and return that petitioner, Walter Murphy, was the plaintiff in an action against the Capital Traction Company, pending in the supreme court of the District, which was tried before Mr. Justice Gould, holding special term of the circuit court, June 18, 1912. The jury, under direction of the court, returned a verdict for defendant June 19, 1912, upon which judgment was entered July 2d. Appeal was noted therefrom to this court on the same day, which was perfected July 26, 1912. The settlement of bills of exception is regulated by common-law rule 48 of said court, which reads as follows:

"1. The bill of exceptions shall be prepared by counsel. If not settled before the jury retires, counsel tendering it shall give two days' notice in writing to opposing counsel of the time at which it is proposed to submit the same to the court to be settled, and shall also, at least eight days before the time designated in such notice, present to opposing counsel the proposed bill or a copy thereof. The bill shall be submitted to the court within thirty-eight days after judgment shall have been entered, unless the court shall, for cause shown, extend the time.

"2. The fact of settling and filing the bill of exceptions shall be noted in the minutes of the court.

"3. If the court is unable to settle the bill of exceptions a new trial shall be granted.

"4. The submission, settling, signing, or filing of a bill of exceptions shall not be affected by the expiration of any term, provided this rule is complied with."

August 19, 1912, the court entered an order extending the time for the submission of plaintiff's bill of exceptions to and including September 20, 1912. According to the arrangement of the supreme court of the District for the summer recess one of the members of said court only is required to be personally present; and the several justices divide the time between themselves, one succeeding the other after periods of two weeks' service. In September Mr. Justice Gould was absent and the circuit court sessions were held by Mr. Chief Justice Clabaugh from September 16 to and including September 30, on which day the April term ended. On September 18, plaintiff's counsel delivered a copy of his proposed bill of exceptions to counsel for defendant, and on September 20 submitted it to Chief Justice Clabaugh. Justice Gould being expected to be in court on Tuesday, October 1, counsel for plaintiff, on September 19, gave notice in writing to defendant's counsel that on October 1, or as soon thereafter as counsel could be heard, he would ask Mr. Justice Gould to settle and sign the bill of exceptions, which had been submitted to the court September 20, and a copy of which had been presented to counsel on September 18. On the same day—September 19—counsel filed a motion for an extension of the April term for two days so as to include October 1 therein. The motion was noticed for hearing on September 30, and then continued for hearing to October 11. On that date Mr. Justice Gould entered an order, as of September 30, extending the April term so as to extend to and include October 2, 1912. In the meantime and prior to October 1 defendant's counsel had filed a motion to strike out the proposed bill of exceptions submitted September 20, because of the omission to comply with rule 48 in that the copy of the same had not been served upon defendant and notice given, as required, eight days before the expiration of the term to which the time for submission of said bill had been extended; namely, September 20, 1912. On September 19, plaintiff had also filed a motion to

correct the order of August 19, so as to make the same show that
it embraced also an order extending the time within which the
transcript of the record might be filed in the court of appeals.
This motion was accompanied with affidavits tending to show
that the said extension had been applied for and granted at the
same time, though not, in fact, included in the entry of the order
by the clerk.  October 1, plaintiff asked the justice to sign the
bill of exceptions, but that request, as well as the motions afore-
said, were postponed for hearing on October 11.  On October 16,
Mr. Justice Gould denied the motion to correct the order of
August 19, so as to extend the time for filing the transcript.  On
the same day he refused to sign the said bill of exceptions, and
granted the motion to strike the same from the files because the
notice required by rule 48, and the copy of said bill, had not
been given to counsel for defendant eight days before the expira-
tion of the order of extension.  Responding to the rule to show
cause, Mr. Justice Gould says that he did examine said proposed
bill of exceptions, and satisfied himself that it did not correctly
set forth all the material occurrences of the said trial; but he
adds an expression of his willingness, provided he was in error
in holding that the bill of exceptions was not presented as re-
quired by rule 48, to enter upon the task of settling a bill of
exceptions in said cause in accord with the truth and right of
the matter.

The respondent has interpreted rule 48 to mean that service
of a copy of the bill of exceptions shall be had upon opposing
counsel eight days before the expiration of the period of thirty-
eight days allowed by the rule, or of the extended period.  The
object of giving thirty-eight days for the settlement of a bill of
exceptions, according to this view, is that the party charged with
its preparation shall have thirty days therefor, and that his
adversary shall have eight days within which to examine the
same and express his agreement or his disagreement.  In case
of agreement either the justice trying the case, or the justice
sitting in his stead, may sign the same.  Its presentation to him
within the time is all that counsel can do.  In case of disagree-
ment the bill can only be settled by the justice who presided at

the trial, because he alone could have the necessary knowledge to
enable it to be correctly settled under such circumstances. If he
be absent the bill may be submitted to the justice presiding in
his stead, and acted upon, as of the date of its submission, by
the trial justice upon his return to this court. It is not to be
presumed that under such conditions he would fail to settle the
bill and make it relate back to the time of such submission. But
to enable this to be done, the bill must have been submitted in
accordance with the requirement of the rule governing the mat-
ter. Instead of enacting a statute completely regulating the
practice of the supreme court of the District, Congress invested
that court with the power to establish such other rules as it may
deem necessary for regulating the practice of the court. D. C.
Rev. Stat. sec. 770. See also Code, sec. 73 [31 Stat. at L. 1201,
chap. 854]. The same power is conferred upon this court with
respect to the transaction of the business brought before it, and
the time and method of entering and giving notice of appeals.
Sec. 6 of the act establishing the court of appeals, approved
February 9, 1893; Code, sec. 225 [31 Stat. at L. 1225, chap.
854]. These rules "have the force of law, and are binding upon
the court, and upon the suitors, and those who represent suitors."
They cannot be dispensed with by the court to meet the hardship
of a particular case. *District of Columbia* v. *Roth,* 18 App. D.
C. 547–551; *Talty* v. *District of Columbia,* 20 App. D. C. 489–
491; *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C.
440–443; *District of Columbia* v. *Humphries,* 11 App. D. C.
68–78.

It would serve no useful purpose to review the decisions
of other courts relied on by the petitioner. They arose under
different statutes and rules, and are not applicable. "The de-
cision here must be made in accordance with the terms of our
rules." *Mackall* v. *Willoughby,* 8 App. D. C. 143–145; *Dis-
trict of Columbia* v. *Humphries,* 11 App. D. C. 68–79; *United
States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440–444.

This brings us to the consideration of rule 48, which governs
this case. The respondent construed the rule to mean that the
bill of exceptions should be submitted for settlement,—that is to

say, delivered to the trial justice for settlement before the expiration of the thirty-eight days or the extended period; that two days prior to said date, notice should be given to opposing counsel of the time of settlement; and that not less than eight days before the designated period, the proposed bill or a copy shall have been given to opposing counsel. In this case the time fixed for settlement of the bill was before the expiration of the extended time, and though it is not certain, it may be assumed that the two days' notice in writing was given. But the petition shows that the copy of the bill of exceptions was delivered to opposing counsel but two days before the expiration of the time. This omission was held to be fatal to the settlement of the bill.

This is not an unreasonable interpretation of the rule. *Johnson-Wynne Co.* v. *Wright,* 28 App. D. C. 375–380. The facts and circumstances of that case are quite like those presented here. There the trial justice had refused to settle a bill of exceptions because of the failure to deliver a copy of the bill to opposing counsel eight days before the expiration of the time limit. In dismissing the petition for mandamus, it was said: "We are not to be understood as saying that the trial justice might not have signed the bill within the thirty-eight days, for reasons satisfactory to himself, notwithstanding the failure, within the required time, to submit the copy to opposing counsel. In a recent case, where a motion was made in this court to strike out a bill of exceptions that had been settled within the thirty-eight days, although notice had not been given within the proper time to opposing counsel, we denied the motion, intimating in doing so that the failure to give the required notice might be waived by the trial justice for reasons satisfactory to himself. In such cases, absence from the District might prevent the service of notice upon opposing counsel, or there might be other good reasons, within the knowledge of the trial justice, for failure in that respect; and as in the case mentioned, the trial justice had settled the bill, it could well be presumed that such conditions might have existed,—especially as it was plain that no injury could have accrued to the opposing party. *Lindsey* v. *Pennsylvania R. Co.* 26 App. D. C. 125." With this

explanation of *Lindsey's Case,* the court proceeded to say: "How-
ever this may be, it is clear that the trial justice is not bound to
waive the required notice to opposing counsel, and settle the bill
when the same has not been given. Opposing counsel had the
right to insist upon the strict observance of the requirements of
the rule, and the trial justice had the right to refuse to settle
the bill of exceptions over their objections." The action of the
court in striking the bill of exceptions from the files is imma-
terial. There was no occasion for such motion, as the offered
bill of exceptions, whether actually filed by the clerk or not, was
not a part of the record. It could only become so by its settle-
ment and signature by the trial justice. It may be considered,
however, as an objection by opposing counsel to the settlement
of the bill for noncompliance with the requirement of the rule
relating to the delivery of a copy to counsel at least eight days
before submission, as required by the rule.

For the reasons given the petition must be dismissed, with
costs; and it is so ordered.

In this connection it is appropriate to consider the motion of
the appellee to docket and dismiss the appeal because of the
failure to obtain an extension of the time for filing the tran-
script. As counsel for the appellant concede that the appeal
would be of no avail without a bill of exceptions, it is unnec-
essary to discuss the facts upon which the motion is founded,
and it will be granted. The clerk will enter an order to that
effect.

*Petition dismissed, and the appeal ordered to be docketed and
dismissed.*

Writ of certiorari in *Murphy* v. *Capital Traction Company*
denied by Supreme Court of the United States January 24,
1913.