CARLTON E. CREADICK *v.* ANDREW E. KELLER and ANNA V. KELLER, who were sued with COLONIAL STAGES EAST, INC.

(*May* 27, 1932.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*W. Thomas Knowles* for plaintiff.

*James M. Malloy* for defendants, appeared specially.

---

Superior Court for New Castle County, No. 12, January Term, 1932.

PENNEWILL, C. J., delivering the opinion of the Court:

In this case objection is made to the service of process and it is based on the plaintiff's failure to file with his declaration a return receipt signed by the defendant upon receiving by registered mail from the plaintiff a copy of the process and notice of its service.

The statute, *Chapter 225, Vol. 35, Laws of Delaware,* provides that

"Service of the legal process provided for in *Section* 1 ⁎ ⁎ ⁎ shall be made upon the Secretary of State of the State of Delaware in the same manner as is now or may be thereafter provided by law for service or writs of summons. ⁎ ⁎ ⁎ Provided, that a copy of the process with notice of such service, and that under the provisions of this Act it shall be as effectual to all intents and purposes as if it had been made upon such nonresident personally within this State, are forthwith sent by registered mail by the plaintiff in said civil action to said non-resident defendant therein, and the defendant's return receipt and the plaintiff's affidavit of the defendant's non-residence and of the sending of the copy of the process with the notice aforesaid are filed in the said action with the declaration." *Section* 2.

It is argued that the service is incomplete and invalid because the defendant's return receipt was not filed as required by the statute. But it does appear from plaintiff's affidavit and is not denied, that the defendants were non-residents and that the plaintiff sent to each of the defendants by registered mail a copy of the process, with notice of service. It further appears from the affidavit and envelopes attached thereto that a letter containing the required information was sent by registered mail to each of the defendants, at their correct address, to be delivered to addressees only; that a return receipt was requested; that said letters were delivered to the defendants and each of them refused to accept delivery thereof. It is clear from the

record that the plaintiff's failure to fully comply with the requirements of the statute was caused by the defendant's refusal to receive the letters and sign the receipt. Such refusal made it impossible for the plaintiff to file the return receipt with his declaration. It would create an intolerable situation if the defendant could, by his own wilful act, or refusal to act, prevent the plaintiff from maintaining his action. It is a situation the Court cannot recognize. Although perhaps immaterial to the question under consideration, it may be stated that it appears from an affidavit attached to the declaration that the contents of the envelope above mentioned were delivered personally by the affiant to each of the defendants. It was also contended in this case that the service was invalid because it was made on the Assistant Secretary of State. The Court have considered and passed upon a similar question in the cases of *William E. Derrickson* and *Pearl F. Derrickson v. Charles S. Bannett,* recently decided, 5 *W. W. Harr.* (35 *Del.*) 165, 160 *A.* 907, and it is not necessary to repeat here the opinion given in those cases.

The motion to quash the service in the present case is refused.