ELLA MOUGHAN, Appellee, v. JAMES J. MOUGHAN, Appellant.

No. 41862.

MAY 15, 1934.

REHEARING DENIED DECEMBER 13, 1934.

F. W. Lohr, for appellant.

Carlos W. Goltz, for appellee.

MITCHELL, J.—On the 17th day of October, 1931, the appellee, Ella Moughan, filed in the clerk's office of the district court of Woodbury county, Iowa, her verified petition in equity against the appellant, James J. Moughan, in which she alleged that she was a resident of Sioux City, Iowa, and had been for more than one year last past, in good faith, and not for the purpose of obtaining a divorce only. The parties were married November 23, 1903, and there were born six children. The appellee alleged that the appellant was guilty of cruel and inhuman treatment; also of willful desertion, without cause, for over two years; and asked for an absolute divorce, alimony, attorney's fees, and the sole care, custody, and control of the minor children.

The original notice was in proper form, and the return of the service of notice shows that the sheriff of Woodbury county, Iowa, received said notice on the 17th day of October, 1931, and on the 20th day of October, 1931, served the same on the appellant by leaving a true copy thereof at the house of James J. Moughan, situated in the township of Sioux City, the same being the usual place of residence of said James J. Moughan, with Mrs. Irene Gaul, his daughter, a member of his family over fourteen years of age, the appellant not being found in said county.

On the 2d day of November, 1931, the appellant filed a motion to quash the notice and to dismiss the action, appearing specially for the sole and only purpose of questioning the jurisdiction of the court. In said motion and special appearance, the appellant alleged that he was not served with the original notice as by law provided, and that for the past eight weeks he had been a resident of Dakota county, Nebraska, residing at Homer, Nebraska, and was not then and had not been since the 1st of September, 1931, a resident of the state of Iowa. He attached to the said motion and special appearance his affidavit, in which he alleged that he was a resident of Homer, Nebraska, and not of Sioux City, Iowa. A stipulation was entered into that if the appellant was present in court, he would testify to the statements and allegations set out in the affidavit. The appellee offered testimony, and at the close of the testimony the court overruled the motion of the appellant to quash the service and to dismiss. The appellant saw fit to stand upon the ruling of the court, overruling his motion to quash and to dismiss, and judgment and decree was entered against him by the lower court, the court holding that due, complete, legal, and timely substituted personal service of original notice was made upon the appellant in the county of Woodbury and state of Iowa, as by the statutes of Iowa provided. Judgment and decree for divorce, alimony and custody of the minor children, and the costs, including attorney's fees, was entered as prayed for in appellee's petition. From such ruling, the appellant has appealed to this court.

The sole and only question that confronts us is whether or not service was made upon the appellant as by the statute provided.

Paragraph 2 of section 11060 of the 1931 Code of the state of Iowa, is as follows:

"If not found within the county of his residence, or if, because of his sickness or other disability, personal service cannot

be made upon him, by leaving a copy thereof at his usual place of residence with some member of his family over fourteen years of age, or with the person having the care and custody of him, or with the head of the family where he resides."

The appellee introduced as one of her witnesses, Irene Gaul, who is a daughter of the appellant, and who was living at the time service was made at 813 Omaha street in the city of Sioux City. This witness testified that her father, the appellant, was living with her at that time; that the notice was served upon her; that she is over fourteen years of age; that she delivered the notice to her father, the appellant; that he made his home with her and had since July of 1931; that he was there regularly every day; that he kept his clothing and other belongings there; that a short time before October 20, 1931, he took a job at Homer, Nebraska; that he was a printer by trade and that the printer at Homer had been sick and her father was temporarily filling the position for him; that appellant would go over to Homer and spend the working days there and then come back to the witness' home on Saturday and stay over Sunday; that he received his mail at her house; that he never removed his clothing from her home, and that after a few weeks at Homer he came back to Sioux City; that she knew of no other place of residence appellant had except her home. The record shows that this witness had been extremely kind to her father, the appellant, and that there was no ill feeling between the father and the daughter.

The appellee also testified, and one of the sons testified, that the usual place of residence of appellant was with his daughter, Irene Gaul. He lived at the place where the service of the notice was made.

Thus, from the evidence offered, it appears that the appellant's usual place of residence was with his daughter, at the time the service in this case was made, and that service was made upon appellant by leaving a copy of said notice at his usual place of residence, which was with his daughter, Irene Gaul, and with a member of his family over fourteen years of age, to wit, his daughter, Irene Gaul. The provisions of the statute having been complied with, the lower court was right in overruling the motion.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

The Chief Justice and all Justices concur.