## WISE v. HERZOG.
### No. 7438.

United States Court of Appeals for the
District of Columbia.

Decided July 15, 1940.

Louis Ottenberg and H. Max Ammerman, both of Washington, D. C., for appellant.

Sefton Darr, J. E. Bindeman, and James A. Willey, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

The Small Claims and Conciliation Branch of the Municipal Court of the District of Columbia was established by the Act of March 5, 1938.[1] The act provides for simplified methods of service of process as alternatives for service by the United States Marshal, i. e., "by registered mail with return receipt; or by any person not a party to or otherwise interested in the suit, especially appointed by the judge for that purpose."[2]

In the present case an attempt was made to serve process of that court upon appellant, defendant below, by sending to her a registered letter addressed: "Mrs. Alfred J. Wise, 31st and Westover Drive, S.E." The letter was returned marked "Unclaimed." Eight days later a second registered letter was sent, addressed in the same manner, and this was returned marked "Refused." Thereafter, on September 6, 1938, pursuant to Rule 9 of the Small Claims Branch of the Municipal Court, a notification was sent to appellant, by ordinary mail, that "The Post Office has returned the Registered Mail Notice we sent to you in this case, marked Refused. Despite your refusal to accept the Notice, the Court will proceed with the case * * *." On September 10th, judgment was rendered against appellant by default. On January 17, 1939, she appeared specially and, on the ground that the service of process was invalid and contrary to the statute, moved to quash the alleged service, to vacate the default judgment, and to dissolve the attachment which had been levied in execution upon the judgment. In an affidavit filed in support of her motion, appellant stated that "she never at any time received a registered letter of any kind or description from the Municipal Court of the District of Columbia nor has she ever refused to receive registered mail addressed to her nor has she ever received letters from the Municipal Court of the District of Columbia sent through ordinary mail." It was stipulated that if appellant were present at the hearing on the motion she would testify exactly as alleged in her affidavit; appellee, however, not conceding the truth of the testimony, or waiving the right to cross-examine. The lower court overruled the motion. We granted a writ of error, in order to resolve the important procedu-

[1] 52 Stat. 103, D.C.Code, Supp. V, 1939, tit. 18, § 241.

[2] Id. § 241d(a). See Rule 7, Rules for the Small Claims and Conciliation Branch of the Municipal Court.

488

ral question, whether valid service was actually made within the meaning of the statute.

■ The nature and purpose of the Small Claims Court argue—as a matter of public policy—in favor of an expeditious and inexpensive procedure such as is required by the applicable statute and rules of court.[3] However, this thoroughly commendable purpose cannot be used to justify a process which may destroy constitutional rights and privileges. An equally important disclosure of public policy is found in the constitutional guarantee of due process,[4] which requires, for the exercise of judicial power, appropriate notice of the judicial action and an opportunity to be heard.[5]

■■ Service of process is the means by which such notice is given and such opportunity afforded.[6] Consequently, it must be accomplished by a method reasonably calculated to afford the party sued this constitutional protection.[7] Without such service, no jurisdiction exists;[8] the court lacks power to act; and a judgment rendered *against a person, under such circumstances,* is void for all purposes.[9]

It does not follow, of course, that actual physical service is required in all cases for, although the foundation of jurisdiction is

---

[3] Justice Owen J. Roberts, Introduction to Bull. No. 607, U. S. Dep't of Labor (1936) v:
"All thoughtful citizens will welcome *this revision of the authors' original* work, including more recent factual data and restating and enlarging the authors' conclusions therefrom. In his preface to the first edition, published in 1926 by the United States Bureau of Labor Statistics, Chief Justice Taft wrote:
"The real practical blessing of our Bill of Rights is in its provisions for fixed procedure securing a fair hearing by independent courts to each individual. But if the individual in seeking to protect himself is without money to avail himself of such procedure, the Constitution and the procedure made inviolable by it do not practically work for the equal benefit of all. Something must be devised by which everyone, however lowly and however poor, however unable by his means to employ a lawyer and to pay court costs, shall be furnished the opportunity to set this fixed machinery of justice going.
"Thus the Chief Justice stated a problem which *no democracy may ignore.* Our institutions and the spirit of our laws are inconsistent with the thought that poverty may bar the enforcement of any legal right or the redress of any legal wrong."
Wigmore, Introduction to Bull. No. 8, Am. Jud. Soc. (1915) 24: "If there is *one sad anomaly that should stand out in* our present days of conscientious self-searching, it is the harsh fact that, with all our prating about justice, we deliberately withhold it from the thousands who are too poor to pay for it."
Smith, Justice and the Poor (1919) 41: "The inability to provide justice in small causes has always been one of the weakest points in our system of administering justice. From the days of ordeal by battle, the method provided by the common law for proving and reducing to judgment any type of small claim has been cumbersome, slow, and expensive *out of all proportion to the matter involved.*"
See also, Legis., 34 Col.L.Rev. 932, and authorities there collected.

[4] U.S.Const. Amend. V.

[5] Powell v. Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Simon v. Craft, 182 U.S. 427, 21 S. Ct. 836, 45 L.Ed. 1165; Earle v. McVeigh, 91 U.S. 503, 510, 23 L.Ed. 398; Blackmer v. United States, 284 U.S. 421, 438, 52 S.Ct. 252, 76 L.Ed. 375. See Galpin v. Page, 18 Wall. 350, 369, 21 L. Ed. 959: "Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and never can be upheld where justice is justly administered." Cf. National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 362, 363, 60 S.Ct. 569, 84 L.Ed. 799.

[6] Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363.

[7] Operative Plasterers' & Cement Finishers' Int. Ass'n v. Case, 68 App. D.C. 43, 52, 93 F.2d 56, 65. See Wuchter v. Pizzutti, 276 U.S. 13, 24, 48 S. Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230.

[8] Earle v. McVeigh, 91 U.S. 503, 507, 23 L.Ed. 398.

[9] Pennoyer v. Neff, 95 U.S. 714, 726–728, 24 L.Ed. 565. See Galpin v. Page, 18 Wall. 350, 368, 21 L.Ed. 959. See also, Holmes, J., in McDonald v. Mabee, 243 U.S. 90, 92, 37 S.Ct. 343, 344, 61 L.Ed. 608, L.R.A.1917F, 458: "* * * the ground for giving subsequent effect to a judgment is that the court rendering it had acquired power to carry it out; * *." See generally, Scott, Jurisdiction over Nonresidents Doing Business within a State, 32 Harv.L.Rev. 871.

physical, nevertheless, for example, submission to the jurisdiction by appearance may take the place of service upon the person;[10] and various other substitutes for personal service have been recognized.[11] However, the Supreme Court has said that all forms of substituted service in actions purely in personam, constitute departures from the rule of the common law and the statutory authority therefor should be strictly followed.[12] And Justice Holmes, speaking for that Court has warned us that when it is sought thus to extend the means of acquiring jurisdiction beyond personal service or appearance, the physical foundation thereof should be borne in mind and "great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact." [13]

 Service of process by registered mail, as provided in the pertinent statute, has been recognized as sufficient to satisfy the requirements of due process of law.[14] However, in view of appellant's denial that

---

[10] McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458. Cf. Davis v. Davis, 305 U.S. 32, 59 L.Ed. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177.

[11] See Bickerdike v. Allen, 157 Ill. 95, 41 N.E. 740, 29 L.R.A. 782 (publication together with mailing of summons to residence); Harryman v. Roberts, 52 Md. 64, 75 (written notice left at residence); Earle v. McVeigh, 91 U.S. 503, 23 L.Ed. 398 (notice posted upon door of usual place of abode); Lovin v. Hicks, 116 Minn. 179, 133 N.W. 575, (leaving summons at "house of usual abode"); Moughan v. Moughan, 218 Iowa 1162, 254 N.W. 828 (leaving copy at usual place of residence with member of family or with other designated persons); Venable v. Long Realty Co., 46 Ga.App. 803, 169 S.E. 322 (copy of petition and summons left at most notorious place of abode); Bryant v. Shute's Ex'r, 147 Ky. 268, 144 S.W. 28 (last and usual place of abode). See also, Knowles v. Gaslight and Coke Co., 19 Wall. 58, 22 L.Ed. 70; Kibbe v. Benson, 17 Wall. 624, 21 L.Ed. 741. See generally, Scott, Jurisdiction over Nonresidents Doing Business Within a State, 32 Harv.L.Rev. 871, 875. In Wuchter v. Pizzutti, 276 U.S. 13, 24, 48 S.Ct. 259, 262, 72 L.Ed. 446, 57 A. L.R. 1230, the Supreme Court recognized that the trend of authority was "toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice * * *." If all that is required by the statute is done, it has been held immaterial that the defendant in fact received no actual notice of the proceedings. Wells v. Wells, 279 Mo. 57, 213 S. W. 830; Carroll v. Muller, 31 Ga.App. 209, 120 S.E. 548; Cooper v. Fourth Nat. Bank, 26 Ga.App. 44, 105 S.E. 375; Bryant v. Shute's Ex'r, and Venable v. Long Realty Co., both supra.
Rule 4(d) of the new Rules of Federal Civil Procedure, provides, in accordance with the modern trend, for substituted service upon an individual, other than an infant or an incompetent, by delivering a copy of the summons and of the complaint to. him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
Although service upon an agent, either appointed or designated by law, will support a judgment against a nonresident, the Supreme Court has required, in addition, in the case of an individual, some assurance that he will receive personal notice. Wuchter v. Pizzutti, supra. The omission of such notice in the case of a corporation, however, has been said to be not a denial of due process. Washington ex rel. Bond & Goodwin & Tucker, Inc. v. Superior Court, 289 U.S. 361, 365, 53 S.Ct. 624, 77 L.Ed. 1256, 89 A.L.R. 653. For a suggested possible limitation, see Scott, Jurisdiction over Nonresidents Doing Business Within a State, supra, at page 887.

[12] Settlemier v. Sullivan, 97 U.S. 444, 447, 24 L.Ed. 1110. See New York Continental Jewell Filtration Co. v. Karr, 31 App.D.C. 459. See also, Felstead v. Eastern Shore Express, Inc., 5 W.W. Harr. 171, 35 Del. 171, 160 A. 910; Flynn v. Kramer, 271 Mich. 500, 261 N. W. 77; Mintz v. Ladendorf, 247 Mich. 546, 226 N.W. 258; Ernst v. Colburn, 84 Colo. 170, 268 P. 576; Belt v. Adams, 124 Miss. 194, 86 So. 584.

[13] McDonald v. Mabee, 243 U.S. 90, 91, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458.

[14] Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Wuchter v. Pizzutti, 276 U.S. 13, 19, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230; Carroll v. Hutchinson, 172 Va. 43, 200 S.E. 644; Cherry v. Heffernan, 132 Fla. 386, 182 So. 427, 429; Wax v. Van Marter, 124 Pa.Super. 573, 189 A. 537; Shushereba v. Ames, 255 N.Y. 490, 494, 175 N.E. 187, 188: "* * * registered

she received notice in any form, the question arises whether, in the present case, such service was actually accomplished, in conformance with the statute. In answering the question we must so construe the language of the statute[15]—and of the rule of court,[16] promulgated pursuant thereto[17]—as to avoid any doubt of constitutionality.[18] The presumption, of course, must be that Congress intended service by registered mail to be so made as to insure due process of law.[19]

In our view the requirements of due process can be satisfied by compliance with the provisions of the statute as construed in Rule 9.[20] The latter constitutes a reasonable exercise of the rule-making power delegated by the statute to the court.[21] Properly construed, it neither abridges nor extends the jurisdiction of the court beyond the limits of the Act itself;[22] hence, it has the force and effect of law.[23] But neither the statute nor the rule was complied with in the present case. With particular reference to the italicized portions of the rule as set out in the margin,[23a] the record fails to show (1) that the registered letter was delivered by the post-

[15] D.C.Code, Supp. V, 1939, tit. 18, § 241d(a): " * * * The mode of service shall be by * * * or by registered mail with return receipt; * *." Id., § 241d(b): " * * * When such receipt is returned, the clerk shall attach the same to the original statement of claim, and it shall constitute prima facie evidence of service upon the defendant."

[16] Rule 9: "(b) Delivery of Notice.—Service of such notice shall be deemed valid if it is delivered by the postman *to the addressee or to any other responsible person qualified to receive the addressee's registered mail*, in accordance with the Postal Laws and Regulations of the United States, which Laws and Regulations shall be judicially noticed in this Branch. Service shall *not be set aside on the ground that the notice was delivered to a person not so qualified, if the notice in fact came to the attention of the addressee* within a reasonable time after delivery by the postman, and within a reasonable time before the return day named in said notice.

"(c) Notice Valid Although Refused.—Such notice shall be valid *although refused by the defendant and not delivered for that reason*, provided the clerk shall, promptly upon the receipt of notice of such refusal, mail to the defendant by ordinary mail, a notice that despite such refusal, the case will be proceeded with on the return day, and reciting the name and number of the case, the day and hour when the case will be called, and the nature and amount of the claim; and warning the defendant that judgment by default will be rendered against him unless he appears to defend the suit. * * * * * *

"(e) Return Receipt to be Filed.—Every registry return receipt shall, promptly upon being received by the clerk, be attached to and filed with the original

Statement of Claim. The clerk shall promptly note on the docket-sheet the fact of having received such return receipt and *whether such receipt shows delivery to the defendant, or to a representative or agent of the defendant, and the date of such delivery, or a refusal by the defendant.*" [Italics supplied]

[17] D.C.Code, Supp. V, 1939, § 241n: "The judges of the municipal court shall forthwith make rules to provide for a simple, inexpensive, and speedy procedure to effectuate the purposes of this act . . [act] and shall have power to prescribe, modify, and improve the forms to be used therein, from time to time, to insure the proper administration of justice and to accomplish the purposes of this chapter."

[18] National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 30, 57 S.Ct. 615, 81 L.Ed. 893, 108 A. L.R. 1352; Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 346, 48 S.Ct. 194, 72 L.Ed. 303.

[19] See McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A. 1917F, 458; Riverside & Dan River Cotton Mills v. Menefee, 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910. See also, Pennoyer v. Neff, 95 U.S. 714, 732, 733, 24 L.Ed. 565.

[20] See Walker v. Fireman's Fund Ins. Co., 122 Or. 179, 188, 257 P. 701, 704.

[21] D.C.Code, Supp. V, 1939, tit. 18, § 241n, supra n. 17.

[22] See Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 635, 44 S.Ct. 220, 68 L.Ed. 480.

[23] Rio Grande Irrigation and Colonization Co. v. Gildersleeve, 174 U.S. 603, 608, 19 S.Ct. 761, 43 L.Ed. 1103; Weil v. Neary, 278 U.S. 160, 169, 49 S.Ct. 144, 73 L.Ed. 243; Murphy v. Gould, 39 App. D.C. 363, 367; In re G. W. Giannini, Inc., 2 Cir., 90 F.2d 445, 447, 111 A.L.R. 1492.

[23a] Supra n. 16.

man to the addressee, or to any other responsible person qualified to receive the addressee's registered mail;[24] or (2) that the notice in fact came to the attention of the addressee within a reasonable time after delivery and before the return day;[25] or (3) that the notice was refused *by the defendant* and not delivered for that reason;[26] or (4) that a return receipt shows delivery to the defendant, or to a representative or agent of the defendant, and the date of such delivery or refusal by the defendant. In other words, the record fails to show exactly the things which it should show, in order to comply with the statute, with the rule, and with the requirements of due process. It follows that the attempted service was insufficient; the judgment should be vacated;[27] and the motion to quash service should be granted.

It may be well to note that our decision in this case will not defeat the purpose of the Act, even assuming the improbable occurrence of large scale recalcitrancy upon the part of defendants, in evading service by registered mail. The cost of such service is twenty cents, while a similar service performed by the United States Marshal costs fifty cents.[28] Considered in terms of many thousands of cases the substantial reduction in cost of administering justice,[29] which results from service by registered mail, might be lost if the only alternative available were service by the Marshal. But the court is faced with no such severe alternative. The Act permits service, also, by persons designated for that purpose by the court[30]—a method, incidentally, which has been rarely used so far.[31] In view of the fact that the United States Postal Service carries on dependable special delivery mail service at a cost of ten cents—in addition to the regular postage—for each letter,[32] and commercial agencies, as we know, make similar deliveries for from ten to twenty-five cents per item, it would appear that the court has available to it an equally inexpensive method of service which may be used in those cases—a relatively small percentage[33] —in which service by registered mail does not succeed.

It is urged that the judgment of the lower court cannot be reversed because appellant did not allege in her motion to vacate that she had a valid and meritorious defense to the claim on which she was sued. Ray v. Carr,[34] is cited in support of this contention. Assuming, but not deciding, that the point is properly before us, that case, nevertheless, does not govern the present situation. There, following a judgment obtained in the Small Claims Branch of the Municipal Court, application was made to the District Court for an injunction to restrain execution up-

[24] Shushereba v. Ames, 255 N.Y. 490, 175 N.E. 187; Employers' Liability Assur. Corp. v. Perkins, 169 Md. 269, 280, 181 A. 436, 441: "There is substantial compliance if the person who actually subscribes defendant's name to it has authority so to do."

[25] See Wax v. Van Marter, 124 Pa.Super. 573, 577, 189 A. 537, 539.

[26] Wax v. Van Marter, 124 Pa.Super. 573, 189 A. 537; Creadick v. Keller, 5 W.W.Harr. 169, 35 Del. 169, 160 A. 909; Cherry v. Heffernan, 132 Fla. 386, 182 So. 427; State ex rel. Charette v. District Court of Second Judicial Dist., 107 Mont. 489, 493, 86 P.2d 750, 753. Cf. Carroll v. Hutchinson, 172 Va. 43, 200 S.E. 644; Hartley v. Vitiello, 113 Conn. 74, 80, 154 A. 255, 258.

[27] See Wax v. Van Marter, 124 Pa.Super. 573, 577, 189 A. 537, 538; Syracuse Trust Co. v. Keller, 5 W.W.Harr. 304, 35 Del. 304, 316, 317, 165 A. 327, 331–332; Smyrnios v. Weintraub, D.C.Mass., 3 F.Supp. 439. See also, Ex parte Crenshaw, 15 Pet. 119, 10 L.Ed. 682.

[28] Carr, Work of District of Columbia Small-Claims Court, 49 Monthly Labor Review No. 2 (August 1939) 269, 272.

[29] Id.

[30] D.C.Code, Supp. V, 1939, tit. 18, § 241d(a).

[31] Cayton, Small Claims and Conciliation Courts, Annals of the Am. Acad. of Pol. & Soc. Sci. (September 1939) 57, 62: "In addition, Congress authorized service by individuals especially appointed by the Court, but this method has been rarely needed or employed."

[32] Postal Laws and Regulations (1932) § 1077.

[33] Cayton, loc. cit. supra n. 31. Smith and Bradway, Bull. No. 607, U. S. Dep't of Labor (1936) 41: "If the postman (who knows most of the persons in this district) cannot make delivery, then the court may order other process. In the Boston district in 1931 only 3 notices were refused and only 72 were returned because the defendant could not be located. In fact, service by mail works so well that the Cleveland court, which has used it longest, has discarded registered mail and uses the ordinary mail not merely in small cases but as the regular method of service in all municipal-court cases."

[34] 71 App.D.C. 37, 107 F.2d 238.

on the judgment, on the ground that it had been obtained without proper service of process. In affirming the decree dismissing the bill, we held that enforcement of a void judgment will not be restrained by a court of equity, on a collateral attack, unless a meritorious defense to the action is alleged; on the theory that one who seeks equity must do equity. And we called particular attention to the fact that appellant had failed to exhaust his remedies in the Municipal Court by moving to vacate the judgment. In the present case, the attack upon the judgment was made not collaterally but directly by a motion to vacate. No showing of merits is necessary in support of a motion to vacate a void judgment. "Merits need not be shown where a judgment resulting from an unauthorized appearance of an attorney is regarded as void, and the same is true where there was in fact no service of process and therefore no jurisdiction even though extrinsic evidence is necessary to show this fact. Under such circumstances the defendant is not bound to submit himself to the jurisdiction."[35]

Reversed.

---

[35] 1 Freeman, Judgments (1925) § 282; Shelley v. Casa De Oro, 133 Cal.App. 720, 24 P.2d 900; Stumpff v. Price, 74 Okl. 117, 119, 177 P. 109, 111.