Wax v. Van Marter, Appellant.

574

Argued November 11, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Albert Laub,* for appellant.

*Morris M. Wexler* of *Levick, Wexler & Weisman,* for appellee.

OPINION BY BALDRIGE, J., January 29, 1937:

The only question involved in this appeal is whether the service of process was valid.

The plaintiff, on April 3, 1935, instituted an action of trespass in Philadelphia against the defendant, a resident of Trenton, New Jersey. Service of summons and statement of claim were made upon the Secretary of Revenue under section 1 of the Act of 1929, May 14, P. L. 1721, as amended April 24, 1931, P. L. 50 (75 PS §1201), which provides that any nonresident operator or owner of a motor vehicle within this state constitutes the Secretary of Revenue of the Commonwealth his agent for the service of civil process in proceedings arising by reason of an accident or collision occurring within this commonwealth. In pursuance of that act, copies of the summons and statement were sent to the defendant's last known address. The letter, unopened, was returned by the postal authorities, marked "Refused," and was attached to the return of summons. Judgment for want of an appearance was entered thereafter. A writ of inquiry was issued and damages were assessed. Defendant thereupon entered a special appearance and, at his instance, a rule was granted to strike off the judgment, on the ground that there was no registered mail return receipt attached to the plaintiff's return of service, as required under section 2 of the Act of 1929, supra, as amended May 16, 1935, P. L. 174 (75 PS §1202). The court below, after argument, discharged the rule. Defendant appealed.

Section 2 of the Act of 1935, supra, provides:

"Such process shall be served, by the officer to whom the same shall be directed, upon the Secretary of Revenue of the Commonwealth of Pennsylvania, by sending by registered mail, postage prepaid, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true

and attested copy, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to such defendant at his last known address. The registered mail return receipts of the Secretary of Revenue and of such defendant shall be attached to and made a part of the return of service of such process."

Similar statutes exist in thirty-five states. Such legislation has been held valid as a proper exercise of the police power of the state in regulating the use of its highways by nonresident motorists: *Hess v. Pawloski,* 274 U. S. 352, 71 L. Ed. 1091; *Stoner v. Higginson et al.,* 316 Pa. 481, 175 A. 527; *Vaughn v. Love,* 324 Pa. 276, 188 A. 299.

The validity of service similar to the case at bar seems to have been passed upon thus far by only one appellate court: In *Creadick v. Keller et al.* (Del.), 160 A. 909, a registered letter addressed to each defendant "to be delivered to addressees only" was returned "refused." The court, in declining to set aside service, stated:

"It is clear from the record that the plaintiff's failure to fully comply with the requirements of the statute was caused by the defendant's refusal to receive the letters and sign the receipt. Such refusal made it impossible for the plaintiff to file the return receipt with his declaration. It would create an intolerable situation if the defendant could, by his own wilful act, or refusal to act, prevent the plaintiff from maintaining his action."

In the instant case, nothing appears upon the record to show under what circumstances the letter was refused, or that defendant's address was his correct one. Service has been held invalid where a letter was returned because the addressee could not be found *(Smyrnios v. Weintraub,* Mass., 3 F. Supp. 439) ; or the addressee had moved and left no address *(Syracuse Trust Co. v. Keller,* Del., 165 A. 327) ; or no such street

could be found in the directory *(Lewis v. James,* 19 Pa. D & C 16). This appellant argues that the letter addressed to him may have been refused by a third person. If that can be shown, he is not without a remedy; he may apply to the court to set aside the service or to open the judgment. In *Vaughn v. Love,* supra, a nonresident defendant was permitted to attack the sheriff's return showing service upon an adult member of his family within the jurisdiction when such service was not in fact made. The rule of conclusiveness of the sheriff's return was held not to prevent a non-resident defendant from establishing his nonresidence by evidence dehors the record.

The general trend of decisions is toward sustaining the validity of the service of process if there is a reasonable probability that the requirements of the statute were complied with and that the defendant received actual notice: *Wuchter v. Pizzutti,* 276 U. S. 13, 72 L. Ed. 446. In the present case, the plaintiff followed the provisions of the statute; he could do no more. It is very apparent that the purpose of the Act of 1929 and its amendments, supra, is to provide for service on motor vehicle drivers who can quickly pass beyond our border and evade service of process. This statute must be interpreted with reference to its purpose and the object to be obtained, and construed, if possible, so that it is not incapable of execution which would defeat its very purpose.

It could readily be concluded that the defendant's scheme was to evade service on him by refusing to accept the notice of process. Such wilful, artificial conduct, having for its purpose the nullifying of a part of an act of assembly, ought not be rewarded with success. Fortunately, a good service does not depend on whether the signature of the defendant is on the return receipt, but rather on the reasonable probability that the notice reached him. " . . . . . statutes are to be construed so as

578

may best effectuate the intention of the makers . . . . . :"
*Com. v. Provident Trust Co.,* 287 Pa. 251, 258, 134 A.
377. It was said in *Com. ex rel. v. Wilkes-Barre,* 258 Pa.
130, 136, 101 A. 929: "A statute will not be construed so
as to defeat the object of the legislature if it can reason-
ably be avoided . . . . . . It is presumed, as well on the
ground of good faith as on the ground that the legis-
lature would not do a vain thing, that it intends its
acts and every part of them to be valid and capable of
being carried out." See, also, In re *Foster's Petition,*
243 Pa. 92, 89 A. 819; *First Natl. Bank of Pittsburgh v.
Baird,* 300 Pa. 92, 150 A. 165.

We are of the opinion that the facts establish that
the defendant had reasonable notice of the action in-
stituted against him and that he had an opportunity
given him to defend it.

Decree of the court below is affirmed, at appellant's
costs.