**WEISSENBURGER v FREEMAN**
(Two cases)

**WINDSOR v FREEMAN**

Court of Common Pleas, Jackson Co

Nos 11233, 11234, 11235.
Decided Feb 10, 1941

Frank DeLay, Jackson, for plaintiffs.
Harry B. Reese, Wellston, for defendant.

## OPINION

By EVERETT, JR., J.

Motions were filed by the defendant in the three above cases asking the Court to set aside pretended service of summons by substitution and return of sheriff thereon on the grounds that the Court has no jurisdiction of the defendant in each case. There are two reasons urged for such motions in each case, which are as follows:

1. The returns of the sheriff do not show compliance with §6308-2 GC, in that registered mail return receipts are not attached to and made a part of the return of service.

2. That under the doctrine known as "forum non conveniens" the Court has discretion to refuse to entertain these actions and should so refuse in these particular cases.

Sec. 6308-1 GC, provides for service of process upon nonresident owners or operators of motor vehicles, and §6308-2 GC provides the manner of such service as follows:

"Such process shall be served by the officer to whom the same shall be directed or by the sheriff of Franklin County, who may be deputized for such purposes by the officer to whom the service is directed, upon the Secretary of State of the State of Ohio, by leaving at the office of said Secretary, at least fifteen days before the return day of such process, a true and attested copy thereof, and by sending to the Defendant, by registered mail, postage prepaid, a like, true and attested copy thereof, with an endorsement thereon of service upon said Secretary of State, addressed to such Defendant at his last known address. The registered mail return receipt of such Defendant shall be attached to and made a part of the return of service of such process."

The objection of the Defendant in this particular case is because the registered mail return receipt of the defendant is not attached to and made a part of the return as provided by statute. The sheriff's return shows that a copy of the summons with proper endorsements thereon was sent to the defendant in each case at his address by registered mail on November 29, 1939, and that on December 7, 1939, the envelope containing said copy of the writ sent to the defendant was returned to the sheriff by the United States Post Office marked, "Refused". In this manner the return of the sheriff accounts for the absence of the return receipt. Since the defendant refused to receive the summons he did not, of course, sign a receipt therefor.

The question as to this ground of the motion is whether or not, the Plaintiff and the sheriff having done everything required of them by statute, the defendant will be permitted to nullify the purpose of the statute by refusing to accept the notice of process.

This point has not been directly passed upon by any Ohio Court since the passage of §6308-2, but it has been passed upon by Courts in other jurisdictions which have statutes similar to §6308-2.

It is stated in the case of Creadick v Keller, 160 Atl. 909,

"It is clear from the record that the plaintiff's failure to comply with the requirements of the statute was caused by the defendant's refusal to receive the letter and sign the receipt. Such refusal made it impossible for the plaintiff to file the return receipt with his declaration. It would create an intolerable situation if the defendant could by his own wilful act, or refusal to act, prevent the plaintiff from maintaining his action."

In Wax v Van Marter, 189 Atl. 537, the Court uses the following language:

"Service of process on a non-resident operator or owner of a motor vehicle by registered mail addressed to the de-

fendant's last known address as provided by statute was sufficient though the letter was returned marked 'refused' and there was no registered mail return receipt to attach to the return of service as required by the statute."

The general trend of decisions is toward sustaining the validity of the service of process if there is reasonable probability that the requirements of the statute were complied with and that the defendant received actual notice. In this case the plaintiff followed the provisions of the statute; he could do no more. It is very apparent that the purpose of §6308-2 is to provide for service upon motor vehicle drivers who can quickly pass beyond our borders and evade service of process. This statute must be interpreted with reference to its purpose and the object to be obtained and construed, if possible, so that it is not incapable of execution which would defeat its very purpose.

It could readily be concluded that the defendant's scheme was to evade service by refusing to accept the notice of process. Such wilful, artificial conduct, having for its purpose the nullifying of a part of an act of the assembly, ought not to be rewarded with success. Fortunately, a good service does not depend on whether the signature of the defendant is on the return receipt, but rather on the reasonable probability that the notice reached him. Statutes are to be construed so as may best effectuate the intention of the makers. A statute will not be construed so as to defeat the object of the legislature if it can reasonably be avoided.

This same rule has been declared previously in Ohio as to registered mail service with reference to §10272 GC. In the case **Askin Stores, Inc. v Bender, 65 Oh Ap 307; 18 OO 478**, Syllabus 1 reads as follows:

"Requirements of §10272 GC, as to demand upon a judgment debtor before proceedings in aid of execution are instituted, are fulfilled when the creditor has sent such demand by registered mail to the judgment debtor at his usual place of residence, with return address, and return receipt requested, although the letter is later returned to the creditor unopened and endorsed unclaimed."

The Court feels that the reasoning of the above cases is sound and that a defendant should not be allowed to evade service of process by refusal to accept the registered letter. For that reason it is held in this case that the return of the sheriff was good and valid service on the defendants under §6308-2 GC.

The second ground upon which defendant relies to quash service of summons is the doctrine known as "forum non conveniens". This doctrine is fully discussed in 21 C. J. Sec. Page 114, and also in **11 O. Jur. p. 686**. This doctrine is that in certain cases Courts have a discretionary power to refuse access to their forums in cases in which both parties are non-residents of the State. In 21 C. J. Sec. p. 114, it is said that the doctrine is to be applied cautiously in all cases and is not to be applied at all in causes of action in tort arising within the state of the forum. In **11 O. Jur. p. 688** it is stated that in the past some of the lower Ohio courts have exercised a discretionary right to decline to entertain tort cases between non-resident of the state; but only in cases in which the cause of action arose outside of the state. See **11 O. Jur. p. 688** and cases cited therein.

However, in this state the Supreme Court has declared in a recent case that under the Ohio statutes the Ohio courts do not have discretion to refuse to entertain any kind of actions between non-residents. The second syllabus of the case of **Mattore v Argentina, 123 Oh St 393**, is as follows:

"Under existing statutes the Courts of this state have no discretion to refuse to entertain jurisdiction of a transitory tort action brought by a non-resident against a non-resident upon whom pursuant to §11276 GC, personal service is had in the county wherein

such jurisdiction is sought to be invoked."

So that the rule in Ohio may now be said to be that the Ohio Courts are open to anyone, resident ▮ or non-resident, and against anyone upon whom service may be obtained in the manner provided by statute regardless of where the cause of action arose.

The legislature by the enactment of §§6308-1 and 6308-2 GC, has adopted and declared the policy that the proper place to try cases of an automobile accident is in the county where the accident occurred. The legislature has also by its various enactments declared that the Courts of Ohio are open to non-residents. In the enactment of §§6308-1 and 6308-2 GC the legislature expressed no intention of limiting the use of the provisions of such statutes to the residents of Ohio. Had it so intended it could easily have said so. It seems then that according to said enactments the provisions of these sections are available to any party whether he is a non-resident, or otherwise.

The facts in the instant case disclose that plaintiff is a resident of the State of West Virginia, and defendant is a resident of the State of Indiana. The automobile accident happened in the County of Jackson and State of Ohio. This county is the place where the witnesses usually reside and where the scene of the accident occurred, and where the scene may be viewed by a jury trying the case.

Plaintiff has a right under the Ohio statutes and decisions to file his case in the Ohio Court, and it ▮ seems that the Courts of Ohio have no discretion to refuse to entertain such cause of action. It may be further concluded that this is the proper forum in which such case should be tried even if the Court had discretion to accept or reject the cause of action.

Therefore, the motion to quash service of summons in the above entitled cases will be overruled.