Croll & Keck, Inc., v. Landy, etc.

*Harry W. Speidel*, and *Snyder, Balmer & Kershner*, for plaintiff.

*Emanuel Weiss*, for defendant-garnishee.

HESS, J.; December 28, 1954—Croll & Keck, Inc., plaintiff, instituted a proceeding by foreign attachment against Murray Landy, defendant, and Murray Landy, executor of the estate of Sarah Landy, deceased, as garnishee. Defendant is not a resident of Pennsylvania and he has been appointed a nonresident personal representative in the matter of the estate of his deceased mother, Sarah Landy. Plaintiff commenced the action by filing a præcipe for a writ of foreign attachment in the office of the prothonotary on August 31, 1953. A writ was issued and served by the sheriff upon the nonresident executor-garnishee by serving the Secretary of the Commonwealth at Harrisburg, Pa., via registered mail, on September 4, 1953, in accordance with the provisions of the Fiduciaries Act of April 18, 1949, P. L. 512. No appearance was entered by defendant or garnishee.

On August 17, 1954, plaintiff filed a statement of cause of action against defendant and served same by registered mail on defendant and upon Emanuel Weiss, attorney for defendant, by leaving a copy at his office. The sheriff also served the Secretary of the Commonwealth by mailing a copy to his office by registered mail. Thereafter, the personal representative of the estate of Sarah Landy appeared specially and filed a petition requesting the court to quash the writ of foreign attachment and to set aside the service and sheriff's return. The question is whether defendant and/or garnishee is subject to attachment process by virtue of the service of the writ made by the sheriff. Defendant is a nonresident and, since he has not been served personally, jurisdiction is present only if the writ of foreign attachment was properly served upon the garnishee.

Defendant contends that service upon the Secretary of the Commonwealth was improper in this case because the action does not relate to decedent or the administration of his estate. Section 307 (b) of the Fidu-

ciaries Act of 1949, supra, provides: "(b) Power of Attorney. If a personal representative is or becomes a non-resident of the Commonwealth, the acceptance of his letters, or the act of becoming a non-resident, as the case may be, shall constitute the Secretary of the Commonwealth his (the non-resident executor's) attorney-in-fact upon whom service of process and notices may be made as to *all causes of action relating to the decedent or the administration of his estate.*" (Italics supplied.)

The within action is not related in any way to decedent, but it certainly relates to the administration of her estate because plaintiff seeks to attach a share of that estate that will be distributed to defendant who is alleged to be indebted to plaintiff. We conclude that service upon the Secretary of the Commonwealth is proper in this case.

It is also contended that the service has not been made as provided by law. Section 621 of the Fiduciaries Act of 1949, supra, provides:

"Any proceeding may be brought against a personal representative or the surety on his bond in the county where his letters have been granted, and if the personal representative or surety does not reside in that county, process may be served on either of them personally, or as follows:

"(1) When resident of another county. By a duly deputized sheriff of any other county of the Commonwealth in which he shall be found.

"(2) When a nonresident of the Commonwealth. By the sheriff of the county where letters have been granted sending, by registered mail, return receipt requested, a true and attested copy of the process to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, *and to the personal representative or surety at his last known address, with an endorsement thereon showing that service has been so made upon the Secretary of the Commonwealth.*" (Italics supplied.)

It is admitted that the sheriff's return does not indicate that the emphasized portion of section 621 has been followed. A copy of the writ was served upon Mr. Weiss, attorney of record for the estate, but that is not compliance with the requirement of the act of assembly. On the other hand, we cannot conclude that failure to send a copy to the personal representative of the estate renders the service defective. It does not appear that the statutory provision here involved has been before the courts, but similar statutes providing for service upon an attorney-in-fact have been in force in Pennsylvania for many years. See Act of May 14, 1929, P. L. 1721, as amended by the Act of May 16, 1935, P. L. 174, in reference to operators of motor vehicles. The Act of 1929 was considered by the Superior Court in Wax v. Van Marter, 124 Pa. Superior Ct. 573, and that court stated, page 577:

"The general trend of decisions is toward sustaining the validity of the service of process if there is a reasonable probability that the requirements of the statute were complied with and that the defendant received actual notice."

The Pennsylvania Rules of Civil Procedure in rule 2079 provide for substituted service in language almost identical with that used in section 621 of the Fiduciaries Act of 1949. Goodrich-Amram in the commentary to rule 2079, page 59, states that:

"Service upon the non-resident is effected when the copy is sent to the Secretary of the Commonwealth. The sending of a copy to the defendant is not a part of the service of the process and operates only as notice of the pendency of the action. The fact that it is merely notice and not service has the effect of minimizing irregularities in the giving of such notice, the failure to receive the notice, and irregularities in the sheriff's return of giving notice."

In the case before us there can be no doubt that defendant and garnishee have received actual notice

of the pendency of this action. A copy of the writ was served upon the attorney of record for the personal representative of the estate of Sarah Landy. The statement of cause of action was sent by registered mail to Murray Landy, defendant, and Murray Landy, executor of the estate of Sarah Landy, deceased, garnishee, by sending a copy by registered mail with a request for a return receipt, and marked "Deliver to Addressee Only." The return receipt is in the record, evidencing a signature by Murray Landy, and service thereof was also made at the office of the attorney of record for the estate.

We conclude that service has already been made and we refuse to quash the writ or set aside the service. Technically, there has not been full compliance with section 621 of the Fiduciaries Act of 1949, supra, even though we are certain that actual notice has been received by all parties concerned. On the other hand, no time limit is provided for the giving of the notice required in section 621, supra. We will permit it to be done now and stay all proceedings until such notice is given.

And now, to wit, December 28, 1954, the rule to show cause why the writ of foreign attachment should not be quashed, the service and return of the sheriff should not be set aside, and the action dismissed for lack of jurisdiction, is discharged. All further proceedings are stayed, however, until the Sheriff of Berks County sends a true and attested copy of the writ of foreign attachment by registered mail, return receipt requested, to the personal representative of the estate of Sarah Landy, deceased, at his last known address, with an endorsement on such copy of the writ showing that service has been made upon the Secretary of the Commonwealth; such stay to continue until the sheriff makes return showing compliance with this order. Costs of such notice to be paid by plaintiff.