Pioneer Finance Company, William J. Scully, Charles W. Stetzer, Martin C. Stetzer, David G. Stetzer and Rita T. Stetzer, Appellants, *v.* Commonwealth of Pennsylvania, Pennsylvania Securities Commission, Appellee.

Argued January 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alan Z. Lefkowitz,* with him *Kaplan, Finkel, Lefkowitz, Roth & Astrow,* for appellants.

*James P. Deeley,* Assistant Attorney General, with him *Carl F. Safanda,* Deputy Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 10, 1975:

The Pennsylvania Securities Commission has moved to quash appeals from its order made pursuant to the Pennsylvania Securities Act of 1972[1] revoking the registration exemptions of the Pioneer Finance Company and prohibiting the participation of the individual appellants in certain aspects of the securities business in this Commonwealth.

The Commission's order bears the date April 30, 1974. It was mailed to the appellants on May 2, 1974. The appeals were filed in this court on June 3, 1974.

The Commission first contends that the appeal was untimely filed.

Section 502 of the Appellate Court Jurisdiction Act of 1970[2] provides that appeals shall be filed within thirty days from the date of entry of the contested order. However, the phrase "date of entry" is not defined. The Commission argues that date of entry[3] in this case was April 30, 1974, the date appearing on the order, and the appeal filed June 3, 1974 was untimely. However, controlling

1. Act of Dec. 5, 1972, P.L. —, No. 284, *eff.* Jan. 1, 1973, 70 P.S. §1-101 *et seq.* (Supp. 1974-1975).

2. Act of July 31, 1970, P.L. 673, No. 223, §502, 17 P.S. §211.502 (Supp. 1974-1975).

3. No entry docket is maintained by the Pennsylvania Securities Commission.

provisions of the General Rules of Administrative Practice and Procedure, 1 Pa. Code §§31.1 et seq.,[4] provide otherwise. Section 31.13 (c) reads: "The date of issuance of an order shall be deemed to be the date of entry thereof for the purposes of computing the time for appeal under Section 502 of the Appellate Court Jurisdiction Act of 1970 (1[7]P.S. §211.502) or under any other statute relating to judicial review of agency action."; and Section 31.13 (a) provides in pertinent part: "In computing any period of time involving the date of the issuance of an order by an agency, the day of issuance of an order shall be the day the office of the agency mails or delivers copies of the order to the parties. . . . The day of issuance of an order may or may not be the day of its adoption by the agency. In any event, the office of the agency shall clearly indicate on each order the date of its issuance." The Commission argues that April 30, 1974, the date it placed on the order, is the date of issuance and the date of entry by reason of the final sentence of Section 31.13 (a), although the order was mailed two days later. To the contrary, Section 31.13 (c) clearly provides that date of issuance is the date of entry for the purpose of computing the time for appeal and Section 31.13 (a) equally clearly provides that the date of issuance (and therefore date of entry) is the date of mailing. The date of the issuance and entry of the instant order is the acknowledged mailing date, May 2, 1974.

Section 31.12 of the General Rules prescribes the

---

4. Section 51(a) (26), *as amended*, of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, 71 P.S. §1710.51(a) (26) (Supp. 1974-1975) subjects the Pennsylvania Securities Commission to the provisions of that Law. Section 35, *as amended*, of the Administrative Agency Law, 71 P.S. §1710.35 (Supp. 1974-1975) gives the agencies and commissions of the Commonwealth authority to adopt regulations prescribing practice and procedure before them. Absent adoption of its own regulation, the Commission's practice and procedure is governed by the General Rules. 1 Pa. Code §31.1.

manner in which the thirty day period is to be computed: "Except as otherwise provided by law, in computing any period of time prescribed or allowed by this Part or by the regulations of the agency or any other provision of law, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is Saturday, Sunday, or a legal holiday in this Commonwealth, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday nor a holiday. . . . Intermediate Saturdays, Sundays, and holidays shall be included in the computation."

Hence, the first day of the appeal period here was May 3, 1974 and the last day June 1, 1974. June 1, 1974 was, however, a Saturday and the period was therefore extended to the next day which was neither a Saturday, Sunday or legal holiday. Monday, June 3, 1974, the date on which the appeals were here filed, was that day.

The Commission cites *Purolator Courier Corp. v. Pennsylvania Public Utility Commission*, 13 Pa. Commonwealth Ct. 444, 319 A.2d 688 (1974), as supportive of its position. There, we determined that Section 502 of the Appellate Court Jurisdiction Act of 1970 superseded a conflicting section of the Public Utility Law as to the time for appeals from orders of the Public Utility Commission. Here, there is no such conflict. As President Judge Bowman indicated in *Purolator*: ". . . [The] decision in this case should not be assumed as controlling in similar issues involving different statutory histories. . . ." 13 Pa. Commonwealth Ct. at 449, 319 A.2d at 691.

The Commission also supports its motion to quash by the suggestion that the appellants, by failing to apply for a rehearing under Section 607(b) of the Pennsylvania Securities Act of 1972, 70 P.S. §1-607(b) (Supp. 1974-1975), have not exhausted their available administrative remedies and have therefore appealed premature-

ly. However, Section 607(b) only provides that: "Within thirty days after any order has become effective after a hearing, any interested party *may* apply to the Commission for a rehearing. . . ." (Emphasis supplied.) The Commission's contention that application for rehearing is a prerequisite rather than a permissive preliminary to judicial review of a Commission order is plainly without merit. *See Colteryahn Sanitary Dairy v. Milk Control Commission*, 332 Pa. 15, 1 A.2d 775 (1939); *Commonwealth v. Ziegler Dairy Co.*, 139 Pa. Superior Ct. 224, 11 A.2d 669 (1939).

The Commission's motion to quash is denied.