E. Adrians Ozolins, Petitioner *v.* Department of Education of Pennsylvania and Francis Hamblin, President, Lock Haven State College, Respondents.

Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Andre Delgalvis,* with him *Fisher, Rice & Barlett,* for petitioner.

*Nancy Schnuer,* Assistant Attorney General, and *Robert F. Beck,* Assistant Attorney General, for respondents.

OPINION BY JUDGE MENCER, May 10, 1977:

This appeal has been taken from a determination made by the Pennsylvania Department of Education (Department) that the petitioner, Dr. E. Adrians Ozolins, was not entitled to a sabbatical leave. Interesting questions have been presented concerning the nature of sabbatical leave and the effect of approaching retirement on such leave. Unfortunately, the petition-

er's failure to bring a timely appeal to this Court precludes us from reaching these issues and compels us to grant the motion to dismiss filed on behalf of the Department and Francis Hamblin, President of Lock Haven State College (President).

As a professor at Lock Haven State College, the petitioner applied for but was denied a sabbatical leave by the President. After a grievance was filed with the Department, the Secretary of Education wrote to the petitioner's attorney on June 11, 1976, informing him of the Department's determination which was a denial of the grievance. Article V(D) of the contract between the Commonwealth and the union, Association of Pennsylvania State College and University Faculties (APSCUF), of which the petitioner was a member, provided:

> If the grievance is not suitably resolved in Step 3 above, APSCUF, but not an individual FACULTY MEMBER, *may*, within thirty (30) COLLEGE calendar days of the receipt of the written response in Step 3 [the determination of the Secretary of Education], notify the COMMONWEALTH's Secretary of Administration or his/her designee of its intent to submit the grievance to binding arbitration. (Emphasis added.)

In an affidavit, the petitioner's counsel indicates that he called someone at the Department on July 8, 1976 for an opinion as to whether the petitioner was required to pursue binding arbitration rather than appeal directly to this Court. He states that he was referred to a "Staff Attorney," apparently in the Office of Administration, who told him that he must attempt arbitration. On July 9, 1976, APSCUF wrote to the petitioner's attorney, informing him that no arbitration would be requested by the union. The letter indicates that the attorney was notified by phone of the

decision on the morning of the 9th of July. A petition for review of the Secretary's determination of June 11 was mailed on August 10, 1976 and received and filed by this Court the next day.

Thereafter a motion to dismiss was filed by the Department and the President, asserting that the appeal was not from a "final order," that the petitioner had failed to exhaust his administrative remedies under the collective bargaining agreement, and that he had failed to bring a timely appeal. Since the petition for review was untimely, we grant the motion to dismiss on this basis without passing upon the other contentions in the motion.

Under Pa. R.A.P. 1512(a),[1] a petition for review must be filed within 30 days after the entry of an order. In construing the 30-day period, the mailing of the order will begin the period, see *Pioneer Finance Company v. Securities Commission*, 17 Pa. Commonwealth Ct. 366, 332 A.2d 565 (1975), and the date on which the petition for review is deposited in the mail may be used in determining whether the appeal is timely, assuming, compliance with Pa. R.A.P. 1514(a) (use of certificate of mailing). Here, the petitioner's appeal, mailed on August 10, was considerably more than 30 days after the Secretary's letter of June 11. The letter from APSCUF on July 9, indicating that arbitration would not be pursued, does not affect this delay.[2] Even if the petitioner had mistakenly decided to wait for APSCUF's decision before appealing

---

[1] If an appeal had been brought before July 1, 1976, Section 502(a) of the Appellate Court Jurisdiction Act of 1970 would control. Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.502(a).

[2] The petitioner argues that, since he *received* written notice of APSCUF's decision on July 12, he had 30 days from then, or until August 11, to bring the appeal. This argument falls under its own weight. APSCUF's letter is dated July 9, a Friday, and likely was *mailed* on July 9 or 10 thereby commencing the appeal

to this Court, he still could have brought a timely appeal, since a petition for review mailed on or before July 12 would have been timely under Pa. R.A.P. 1514(a).[3]

Since the timeliness of an appeal is jurisdictional, the courts are without power to extend the appeal period unless there is fraud, its equivalent, or a breakdown in the court's operation through a default of its officers. *See Iannotta v. Philadelphia Transportation Co.*, 11 Pa. Commonwealth Ct. 156, 312 A.2d 475 (1973) ; *see also Drafts v. Bennett Shelburne Co.*, 26 Pa. Commonwealth Ct. 76, 362 A.2d 464 (1976). Misinformation supplied by the other party may amount to the equivalent of fraud so as to extend the period. *See Cuffee v. Department of Public Welfare*, 5 Pa. Commonwealth Ct. 503, 291 A.2d 549 (1972). The petitioner's contention that the receipt of an opinion from the "Staff Attorney" constitutes the type of misinformation which will extend the appeal period is untenable. By the contract provision quoted above, it is clear that APSCUF has the option to proceed to arbitration. An individual grievant, however, has neither the right to submit his cause to binding arbitration nor the right to demand APSCUF's intervention on his behalf. Even if we accept the affidavit and the asserted facts therein as true, there is no basis for concluding that the "Staff Attorney" had authority to speak for the Department or that the petitioner's reliance on the "Staff Attorney's" opinion would justify the delay here.

---

period. *See Pioneer Finance Co., supra.* Thirty days would have expired on August 8, a Sunday, or August 9, and in either event the 9th would have been the last day to bring a timely appeal under this theory. See Statutory Construction Act of 1972, 1 Pa. C.S. §1908. However, the petition for review here was not mailed until August 10.

[3] July 11, 1976 was a Sunday. See 1 Pa. C.S. §1908.

Therefore, we enter the following

ORDER

AND Now, this 10th day of May, 1977, the motion to dismiss filed by the Department of Education of Pennsylvania and Francis Hamblin, President, Lock Haven State College, is hereby granted.