Lee N. Celane, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Commissioner, Respondent.

Submitted on briefs, March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*William J. Krzton*, for petitioner.

*David T. Kluz*, with him *James R. Farley*, Assistant Attorneys General and *Edward Biester*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 3, 1980:

Lee N. Celane (Celane) was licensed as a fire and casualty insurance agent and also as a life and health insurance agent by the Pennsylvania Insurance Department. On September 29, 1978, Celane was found guilty by a jury of theft by failure to make required disposition of funds received and of misapplication of entrusted property and property of government or financial institutions.[1] Celane's criminal trial was held in the Court of Common Pleas of the Fifty-ninth Judicial District of Pennsylvania, Elk County Branch — Criminal Division.

On January 3, 1979, the Acting Insurance Commissioner of Pennsylvania ordered Celane to appear at a formal administrative hearing to show cause why the Insurance Commissioner should not impose penalties as a consequence of Celane's criminal conviction in Elk County. This order to show cause was sent to Celane by certified mail, return receipt requested, at his last known address.[2] The order was returned to the Insurance Department on January 23, 1979[3] and marked by the postal service as "unclaimed."

An administrative hearing was held on February 15, 1979 relative to the order to show cause. Celane did not appear at this hearing. After the notes of testimony of the administrative hearing were transcribed, Celane was sent a certified letter dated March 2, 1979 informing him that briefs were due on or before March 19, 1979 and reply briefs were due on or

---

[1] The funds involved were received by Celane in the operation of an insurance business.

[2] This last known address was the one that Celane had filed with the Pennsylvania Insurance Department when applying for his insurance license and was the same address as set forth in the criminal indictment filed in the Elk County proceedings.

[3] On January 20, 1979, a hearing notice was published in the Pennsylvania Bulletin at 9 Pa. B. 292.

before March 29, 1979. This letter was also returned to the Insurance Department as "unclaimed."

An order revoking Celane's insurance licenses and requiring him to pay a $1,000 penalty was signed by the Insurance Commissioner on May 2, 1979 and a copy sent to Celane on May 3, 1979. Once again, a certified letter, return receipt requested, sent to Celane at his last known address, was returned to the Insurance Department.

However, in some way, Celane became aware of the Insurance Commissioner's May 2, 1979 order and, on June 1, 1979, filed his appeal in this Court from that order. Celane raises the following question here:

Where the order to show cause was returned to the Insurance Commissioner indicating the order was unclaimed, did the Commissioner give proper notice to Celane?

Notice is the most basic requirement of due process. Parties whose rights are to be affected are entitled to be heard and, in order that they may enjoy that right, they must first be notified. *Goss v. Lopez,* 419 U.S. 565 (1975). Notice should be reasonably calculated to inform interested parties of the pending action and provide the information necessary to provide an opportunity to present objections.

Service by mail is specifically authorized by the General Rules of Administrative Practice and Procedure as set forth at 1 Pa. Code §33.31, which reads:

Orders, notices, and other documents originating with an agency, including all forms of agency action, complaints, and similar process, and other documents designated by the agency for this purpose, shall be served by the office of the agency by mail, except when service by another method shall be specifically required by the agency, by mailing a copy thereof to the person to be served, addressed to

the person or persons designated in the initial pleading or submittal at his or its principal office or place of business. *When service is not accomplished by mail, it may be effected by any one duly authorized by the agency in the manner provided in 231 Pa. Code §1009* (relating to service of process in actions of assumpsit). (Emphasis added.)

The last sentence of Section 33.31 controls the instant case. When, as here, service is not accomplished by mail, the agency is required to authorize a person to effectuate service in the manner provided in 231 Pa. Code §1009. The pertinent portion of Rule 1009 reads:

(b) When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with which he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Therefore, when the Insurance Commissioner could not accomplish service on Celane by mail,[4] he was re-

_____

[4] Unlike the fact situation in *Wax v. Van Marter*, 124 Pa. Superior Ct. 573, 189 A. 537 (1937), where the plaintiff, seeking to effectuate service under Section 1 of the Act of May 14, 1929, P.L. 1721, *as amended, formerly* 75 P.S. §2001, renumbered from 75

quired[5] to authorize a person to effectuate service in the manner provided by Rule 1009(b). This he did not do and accordingly, lacking proper service, the Insurance Commissioner was without the power to make his order of May 2, 1979. Consequently, we must sustain Celane's appeal and make the following

## ORDER

Now, this 3rd day of June, 1980, the order of the Insurance Commissioner of Pennsylvania, under date of May 2, 1979, revoking the insurance licenses held by Lee N. Celane and requiring Lee N. Celane to pay a $1,000 penalty, is hereby reversed, without prejudice to the Pennsylvania Insurance Department or the Insurance Commissioner to again initiate proceedings relative to Lee N. Celane.

Judge WILKINSON, JR. dissents.

---

P.S. §1201, repealed by the Act of June 17, 1976, P.L. 162, had followed the provisions of the statute and could do no more, the Insurance Commissioner here has been given, by Section 33.31 of the General Rules of Administrative Practice and Procedure, an additional way to effectuate service; namely, in the manner provided in 231 Pa. Code §1009. Except for this provision of Section 33.31, we would consider the holding in *Wax v. Van Marter, supra,* controlling here.

[5] Section 31.1 of the General Rules of Administrative Practice and Procedure, 1 Pa. Code §31.1, provides that the rules shall govern the practice and procedure before all agencies of the Commonwealth except as otherwise provided in Section 31.1. Section 31.3, 1 Pa. Code §31.3, defines "agency" to include any department of the Commonwealth. When an agency has not adopted its own regulations, its practice and procedure are governed by the General Rules of Administrative Practice and Procedure. *Pioneer Finance Co. v. Pennsylvania Securities Commission,* 17 Pa. Commonwealth Ct. 366, 332 A.2d 565 (1975).