IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Smith,                       :
                    Petitioner        :
                                      :
        v.                            : No. 1663 C.D. 2017
                                      : SUBMITTED: May 31, 2019
Pennsylvania Board of                 :
Probation and Parole,                 :
                    Respondent        :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: August 1, 2019

        Clarence Smith (Petitioner) petitions for review from the Pennsylvania Board
of Probation and Parole's (Board) September 27, 2017 ruling, which dismissed as
untimely Petitioner's May 4, 2017 administrative remedies form,[1] challenging the
Board's December 3, 2015 decision, which recommitted Petitioner for 12 months as
a convicted parole violator (CPV), revoked credit for the time Petitioner had served
at liberty on parole, and recalculated Petitioner's maximum parole violation
expiration date as October 8, 2022. Petitioner's appointed counsel, Victor Rauch,
Esquire (Counsel), has submitted a second amended Petition to Withdraw as Counsel
(Second Amended Petition to Withdraw), as well as a "Second Amended Brief for

---

[1] This form is dated May 3, 2017, but was mailed the following day; therefore, we deem
May 4, 2017, as the date upon which Petitioner filed his administrative remedies form. *See Sweesy
v. Pa. Bd. of Prob. & Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008) (applying prisoner mailbox
rule in the context of administrative appeals made to the Board).

Petitioner" (Second Amended *Anders* Brief),[2] asserting that Petitioner's Petition for Review is untimely, procedurally improper, and frivolous. We agree that Petitioner's challenge to the Board's December 3, 2015 decision was untimely and procedurally improper and, therefore, affirm the Board and grant Counsel's Second Amended Petition to Withdraw.

On September 22, 1988, Petitioner pled guilty in the Court of Common Pleas of Philadelphia County (Trial Court) to Burglary and Conspiracy, for which he received an aggregate sentence of 12 to 24 years. Certified Record (C.R.) at 1. On February 6, 1989, Petitioner was found guilty of Robbery and sentenced to 10 to 20 years' incarceration, to run concurrent with his Burglary and Conspiracy sentences. Petitioner was paroled on October 26, 2000, at which point the Board set his maximum date at December 11, 2011. *Id.* at 5-7. Over the following decade, Petitioner was arrested, convicted, incarcerated, and re-paroled a number of times for various offenses. Some of these convictions resulted in extensions in the maximum date for his original sentence. A detailed recitation of these events is not relevant for purposes of disposition of this appeal. *See id.* at 12-115.

---

[2] Though he does not formally title them as such, Counsel indicates that he considers the briefs he has filed in support of his petitions for leave to withdraw from this matter to be what are known as *Anders* briefs. *See, e.g.*, Second Amended No-Merit Letter at 6-7 ("On June 20, 2018, the Defender Association of Philadelphia, as counsel for Petitioner, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) . . . Counsel filed an amended *Anders* brief on January 9, 2019. . . . A petition by counsel to withdraw is being filed contemporaneously with this brief, in compliance with the requirements of *Anders*[.]"). Pursuant to *Anders*, court-appointed counsel must file an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009).

An *Anders* brief was unnecessary in this matter, however, as Petitioner did not raise claims that implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010). Rather, a no-merit letter would have been more appropriate. In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

On December 3, 2014, while still on parole for his original sentence, Petitioner was arrested in Philadelphia and charged with several counts of Attempted Forgery. On May 20, 2015, Petitioner pled guilty to these charges and was sentenced to 6 to 23 months in county prison, followed by 6 years of probation. *Id.* at 160-65. On December 3, 2015, as a result of this new conviction, the Board recommitted Petitioner as a CPV on his original Burglary/Conspiracy sentence from 1988 and ordered Petitioner to serve 12 months in state prison, with no credit given for the time he had spent at liberty on parole between February 2, 2011 and December 3, 2014. *Id.* at 169-70. His maximum date for the original sentence was recalculated as October 8, 2022. *Id.* at 169. The Board did not mention the issue of street time, or explain why it declined to give Petitioner credit for street time. The Board's denial of such credit is apparent by implication, due to the revised maximum date listed within the decision. *Id.*[3] Petitioner had 30 days from this date to appeal the Board's decision.[4]

On December 23, 2015, Petitioner sent a letter to the Board, challenging the Board's decision. Petitioner alleged that the Board unlawfully extended his

---

[3] Inexplicably, the Board did not see fit to include a copy of its order to recommit Petitioner, in which it presumably showed how it had calculated the time remaining on Petitioner's 1988 sentence, within either the Certified Record or Supplemental Certified Record.

[4]     An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal. This subsection supersedes 1 Pa. Code § 35.226 (relating to final orders).

37 Pa. Code § 73.1(a)(1); *see also id.* § 73.1(b)(1) (virtually identical Code provision dealing with petitions for administrative review).

judicially imposed sentence by imposing backtime, failed to give him credit for time served both at liberty on parole and on the Board's detainer, and illegally recalculated his maximum date. Supplemental Certified Record (S.C.R.) at 3A, 7A. In response, the Board issued a decision on March 9, 2016, affirming its December 3, 2015 decision in full. *Id.* at 192. Petitioner had 30 days to appeal the Board's March 9, 2016, ruling to our Court. Pa. R.A.P. 1512.

Rather than file such an appeal, however, Petitioner instead mailed an Administrative Remedies Form to the Board on June 14, 2016, claiming, without elaboration, that the Board had committed errors of law and violated his constitutional rights in its decision allegedly issued on December 29, 2015. C.R. at 197-198. However, there is nothing in the Certified Record indicating that the Board issued a decision on December 29, 2015, and there is no evidence in the record showing that the Board imposed any additional sanctions upon Petitioner after issuing its decision on March 9, 2016. For this reason, we must logically assume that Petitioner was referring to his own December 23, 2015, letter, through which he challenged the Board's November 16, 2015, decision, and which the Board received on December 29, 2015.

Nearly a year passed without a reply from the Board. On May 4, 2017, Petitioner submitted another Administrative Remedies Form in which Petitioner claimed the Board had unconstitutionally extended his maximum date beyond that which had been imposed by the Trial Court and by doing so, the Board violated the separation of powers doctrine. S.C.R. at 8A-9A.[5]

The Board replied on September 27, 2017, to Petitioner's May 4, 2017 Administrative Remedies Form, explaining that it was dismissing the Form due to

---

[5] Petitioner also mailed a follow-up letter to the Board on May 25, 2017, in which he inquired as to the status of his administrative challenge. S.C.R. at 10A-11A.

lack of timeliness, as Petitioner had not submitted it within the mandated 30-day appeal window after the Board had issued its December 3, 2015, decision. *Id.* at 12A.

The Board then responded on October 30, 2017, to Petitioner's June 14, 2016 Administrative Remedies Form, stating that it would not take action on the matter because this request for relief was procedurally improper. *See* C.R. at 199. Specifically the Board informed Petitioner that

> [t]he Board regulation authorizing administrative relief does not permit additional appeals after the Board issues a final adjudication. 37 Pa. Code § 73.1. Nor is there a right to request reconsideration of the final adjudication [*i.e.*, the Board's March 9, 2016 ruling]. Rather, the next appeal step was to seek relief from the Commonwealth Court.

*Id.*

On November 3, 2017, Petitioner filed the instant Petition for Review[6] from the Board's September 27, 2017 letter.[7] The Defender Association of Philadelphia was appointed to represent Petitioner. On February 1, 2018, Counsel submitted an Amended Petition for Review containing boilerplate language addressing a wide range of issues.[8]

---

[6] Petitioner filed a mandamus action against the Board on July 11, 2017, docketed as *Smith v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 315 M.D. 2017), through which he sought to compel the Board to adjudicate his May 4, 2017, Administrative Remedies Form. Petition for Writ of Mandamus at 1-4. As already noted, the Board took action regarding the May 4, 2017, Administrative Remedies Form on September 27, 2017. On October 3, 2017, in response to the Board's preliminary objections to Petitioner's mandamus action, we issued a *per curiam* order granting Petitioner 30 days to appeal the Board's September 27, 2017 ruling. Commonwealth Court Order, 10/3/17, at 1.

[7] Petitioner alleges again that the Board improperly and unconstitutionally extended his maximum date without articulating a justification for this extension. Petition for Review at 2.

[8] Counsel argued that the Board imposed an illegal sentence, improperly declined to award Petitioner credit for time served at liberty on parole, and erred by failing to explain why it had

On June 20, 2018, Counsel filed his Petition to Withdraw, as well as a "Brief for Petitioner" (*Anders* Brief). In his Petition to Withdraw, Counsel stated he had "made a conscientious examination of the record and . . . determined the appeal is wholly frivolous." Petition to Withdraw at 1. In his *Anders* Brief, Counsel explained that Petitioner had failed to timely appeal the Board's March 9, 2016 denial of his December 29, 2015 request for administrative relief. *Anders* Brief at 10-11. Rather, Petitioner filed an Administrative Remedies Form on June 14, 2016, which was procedurally improper. *Id.*[9] Counsel advised Petitioner in writing of his determination and directed Petitioner to retain another attorney, or file a *pro se* brief with our Court, if Petitioner disagreed with Counsel's conclusions. *See* Petition to Withdraw at 4.

On October 16, 2018, we directed the Board to file a Supplemental Certified Record within 30 days, as a number of critical documents were missing from the Certified Record, including copies of some of Petitioner's filings with the Board. Commonwealth Court Order, 10/16/18, at 1. We also gave Counsel 45 days from the date of the Board's compliance with this order to file either an Amended Petition to Withdraw or an Advocate's Brief. *Id.* The Board filed its Supplemental Certified Record on December 3, 2018, whereupon Counsel elected to submit an amended

---

declined to award such credit. Amended Petition for Review at 3-4. Counsel further claimed that 61 Pa. C.S. § 6138(a)(2), which gave the Board the ability to recalculate Petitioner's maximum date, represented an unconstitutional "violation of separation of powers, double jeopardy, and due process principles." *Id.* at 3-4.

[9] Counsel further explained that the Board did not exceed its authority by extending Petitioner's maximum date to October 8, 2022, and declining to give him credit for time served at liberty on parole. *Anders* Br. at 11-14. Next, Counsel recognized that Petitioner could not challenge the Board's decision on the basis that it failed to explain why it chose to deny him credit for time served at liberty on parole, because he failed to properly petition for review of the Board's decision. *Id.* at 15.

Petition to Withdraw as Counsel (Amended Petition to Withdraw) and an "Amended Brief for Petitioner" (Amended *Anders* Brief) on January 9, 2019. These filings are substantially similar to Counsel's original Petition to Withdraw and *Anders* Brief. *Compare* Amended Petition to Withdraw at 1 and Amended *Anders* Brief at 4-18 *with* Petition to Withdraw at 1 and *Anders* Brief at 4-16. Inexplicably, however, Counsel *did not address* Petitioner's May 4, 2017 Administrative Remedies Form.

For this reason, we denied Counsel's Amended Petition to Withdraw on March 14, 2019, concluding that "Counsel ha[d] conducted an inadequate review of the record[,]" and "direct[ing] him to file either a proper Petition to Withdraw and a no-merit letter, or an advocate's brief, within 30 days." *Smith v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 1663 C.D. 2017, filed Mar. 14, 2019), slip op. at 7, 2019 WL 1220761, at *4.

Counsel chose the former option, electing to file his Second Amended Petition to Withdraw and Second Amended *Anders* Brief on April 15, 2019. As in the first two iterations of his Petition to Withdraw, Counsel declared that he "made a conscientious examination of the record and . . . determined the appeal is wholly frivolous." Second Amended Petition to Withdraw at 1. In his Second Amended *Anders* Brief, Counsel first provides a thorough discussion of the factual circumstances that gave rise to the matter currently before us. Second Amended *Anders* Br. at 4-7. Next, Counsel argues that Petitioner failed to preserve any issues for consideration on appeal, as he did not appeal the Board's March 9, 2016 ruling affirming its December 3, 2015 decision to our Court in a timely manner and he violated the Board's administrative regulations by filing additional administrative remedies forms. *Id.* at 10-12. Counsel then states that the Board has statutory authority to impose backtime upon parole violators, as well as to award or withhold credit for time served at liberty on parole in most circumstances, and that the Board

7

did not exceed the bounds of these powers in this case by declining to award such credit, imposing backtime, and recalculating Petitioner's maximum date. *Id.* at 12-16. Finally, Counsel maintains that Petitioner has waived his ability to challenge the Board's failure to explain why it had not awarded Petitioner credit for street time, both because of the aforementioned untimeliness of this appeal and violation of the Board's regulations, as well as due to the fact that Petitioner had not raised this issue at the administrative level before the Board. *Id.* at 16-17.

Before considering the validity of Petitioner's substantive arguments, we must assess the adequacy of Counsel's Second Amended Petition to Withdraw and Second Amended *Anders* Brief. As we mentioned earlier, Counsel was only required to file a no-merit letter in this matter, since Petitioner had only sought to, in essence, challenge the Board's recalculation of his maximum date, its imposition of backtime, and its failure to credit him for time served at liberty on parole. *See Seilhamer*, 996 A.2d at 43 n.4. "Where an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Id.* at 42-43. "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988) (brackets omitted)). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, in the event the letter fails on technical grounds, we must deny appointed counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct appointed counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

We find that Counsel has satisfied these technical requirements. Counsel's Second Amended *Anders* Brief contains a recitation of the relevant factual and procedural history, discussions of each argument raised by Petitioner, and a thorough explanation, backed by case and statutory law, regarding Counsel's conclusion that none of these arguments afford Petitioner a valid basis for relief. Furthermore, Counsel has appropriately provided Petitioner with a copy of this Second Amended *Anders* Brief, informed Petitioner about Counsel's intentions, and advised Petitioner of his right to retain another attorney or to represent himself *pro se* in this matter.

Typically, we would then move on to review the arguments raised by Petitioner on their merits. *See, e.g., Seilhamer*, 996 A.2d at 43 n.4; *Zerby*, 964 A.2d at 960. However, such an effort is not necessary in this matter, as we agree with the Board's dismissal of Petitioner's May 4, 2017 administrative remedies form on procedural grounds. *See Flowers v. Pa. Bd. of Prob. & Parole*, 565 A.2d 185, 186 (Pa. Cmwlth. 1989) ("When a parolee files an administrative appeal beyond the thirty day time limit, the sole issue is whether the [B]oard properly dismissed the appeal as untimely.").

Here, the Board's March 9, 2016 ruling regarding Petitioner's December 23, 2015 request for administrative relief was final. Petitioner had 30 days from this ruling's mailing date to appeal to our Court. *See Ozolins v. Dep't of Educ.*, 372 A.2d 1230, 1231 (Pa. Cmwlth. 1977). Petitioner did not do so and, instead, filed a second administrative remedies form with the Board on June 14, 2016, followed by a third on May 4, 2017. *See* C.R. at 198; S.C.R. at 8A-9A. These forms were untimely, as well as procedurally improper, as Board regulations bar consideration of second or subsequent administrative appeals and petitions for administrative review, as well as consideration of untimely administrative challenges to Board decisions. *See* 37 Pa. Code § 73.1(a)(4), (b)(3).

9

Consequently, we affirm the Board's September 27, 2017 ruling, as Petitioner's May 4, 2017 administrative remedies form does not constitute a timely or procedurally proper challenge to the Board's December 3, 2015 decision. Furthermore, we grant Counsel's Second Amended Petition to Withdraw.

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Smith,                              :
                Petitioner         :
                                   :
        v.                           :   NO. 1663 C.D. 2017
                                   :
Pennsylvania Board of                        :
Probation and Parole,                        :
                Respondent         :

# **O R D E R**

AND NOW, this 1st day of August, 2019, Victor Rauch, Esquire's Second Amended Petition to Withdraw as Counsel is hereby GRANTED, and the Pennsylvania Board of Probation and Parole's September 27, 2017 ruling is hereby AFFIRMED.

_____

ELLEN CEISLER, Judge
