IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Abdul Johnson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 947 C.D. 2019 |
| | : | SUBMITTED: January 31, 2020 |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | |
| Respondent | : | |

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                        FILED: April 15, 2020

Petitioner Abdul Johnson (Johnson) petitions for review of Respondent Pennsylvania Board of Probation and Parole's (Board) July 1, 2019 ruling confirming, for a second time, the Board's April 16, 2019 decision. In that decision, the Board recalculated Johnson's minimum parole eligibility date regarding a carceral sentence imposed in August 2010. We dismiss Johnson's Petition for Review, due to lack of jurisdiction.

## Facts and Procedural History

On August 12, 2010, Johnson pleaded guilty in the Court of Common Pleas of Delaware County (Trial Court) to one count each of involuntary manslaughter, aggravated assault, and criminal conspiracy. Certified Record (C.R.) at 1. The Trial Court sentenced Johnson to 7 to 14 years in state prison. *Id.* at 1-2. Johnson was

paroled on November 19, 2016, at which point his maximum date was November 19, 2023. *Id.* at 4, 7.

On June 14, 2017, Johnson was arrested in Chester, Pennsylvania, and charged with several drug-related crimes. *Id.* at 15-20. The Board lodged a detainer against Johnson that same day, in response to his arrest. *Id.* at 14. On June 19, 2017, Johnson waived his right to a parole revocation hearing, as well as to representation by counsel at that hearing. *Id.* at 21-22. On July 26, 2017, the Board ordered that Johnson be detained "pending disposition of [these] criminal charges." *Id.* at 33.

On January 9, 2018, Johnson pleaded guilty to one count of manufacture, delivery, or possession with intent to manufacture or deliver and one count of use or possession of drug paraphernalia. *Id.* at 67-68. The Trial Court sentenced Johnson to 9 to 23 months in county prison and gave Johnson credit towards this sentence for time served between June 14, 2017, the date of his arrest, and January 9, 2018, the date of his guilty plea and sentencing. *Id.* at 50, 65, 68. On February 15, 2018, Johnson again waived his right to a parole revocation hearing, as well as to representation by counsel at that hearing, and admitted to the veracity of this conviction. *Id.* at 50-53.

On March 30, 2018, the Board ordered Johnson to be recommitted as a convicted parole violator (CPV) to serve 18 months of backtime. *Id.* at 75-76. In addition, the Board calculated his minimum parole eligibility date as July 31, 2019, set his maximum parole violation date as January 30, 2025, and declined to award Johnson any credit for time served at liberty on parole, due to his "continued criminal activity." *Id.* at 75.

On March 7, 2019, while incarcerated at State Correctional Institution (SCI) – Albion, Johnson applied for parole from his January 2018 sentence. *Id*. at 80. The Trial Court granted this request via an order issued on March 28, 2019. *Id.*

On April 16, 2019, the Board issued a second decision, which modified the March 30, 2018 decision that had ordered him to serve 18 months of backtime, by recalculating Johnson's minimum parole eligibility date for his August 2010 sentence as September 28, 2020, and Johnson's maximum parole violation date for that sentence as March 27, 2026. *Id.* at 83. The Board did not explain at that time why it had elected to alter its previous decision.

On May 6, 2019, Johnson mailed a *pro se* administrative remedies form to the Board, in which he claimed that he had actually been paroled by the Trial Court immediately after he was sentenced on January 9, 2018, and was then sent to SCI-Albion to serve the backtime imposed by the Board. *Id.* at 85-86. Johnson maintained that the Trial Court had been "late" in signing his parole papers and that the sentence imposed by the Trial Court was supposed to run concurrently with his CPV backtime. *Id.* Johnson sent a second, counseled administrative remedies form to the Board on May 15, 2019, in which he clarified the arguments he had made through the first form by stating that the Board's recalculation of his minimum parole eligibility date was "inconsistent" with his January 2018 sentence. *Id.* at 87-91. On May 29, 2019, the Board affirmed its April 16, 2019 decision, on the basis that it had correctly calculated Johnson's minimum parole eligibility date by adding 18 months to the date upon which he had been paroled by the Trial Court, *i.e.*, March 28, 2019. *Id.* at 92-94.

Johnson did not appeal the Board's May 29, 2019 ruling to our Court. Instead, Johnson's counsel emailed an undated, unverified[1] "stipulation and order" to the Board on June 18, 2019, which was allegedly signed by a "deputy district attorney," Johnson's counsel, and the Trial Court. *Id.* at 99-103. This unverified "stipulation and order" stated that the sentence imposed in January 2018 had an effective start date of April 14, 2017,[2] and that Johnson had actually been paroled from this sentence on January 31, 2018. *Id.* at 103. This stipulation and order also purported to rescind "[a]ny and all [p]aroling [o]rders declaring the effective date [of Johnson's parole from his January 2018 sentence] as March 28, 2019[.]" *Id.* The Board responded on July 1, 2019, explaining to Johnson that it had construed his counsel's June 18, 2019 email communications as a "petition for review" of the Board's May 29, 2019 ruling and that it could not honor the "retroactive parole" allegedly granted to Johnson through the stipulation and order. *Id.* at 104. On that basis, the Board affirmed, for a second time, its April 16, 2019 decision. *Id.* This appeal followed.

### Discussion

Typically, we would proceed with discussion and analysis of the issues raised by Johnson in his Petition for Review. However, such an effort is ultimately not necessary in this matter, as we lack jurisdiction to consider Johnson's Petition for Review. The Board's May 29, 2019 ruling was final and, therefore, Johnson had 30 days from the mailing date of that ruling to petition for review by our Court. *See* Pa. R.A.P. 1512; *Woodard v. Pa. Bd. of Prob. & Parole*, 582 A.2d 1144, 1146 n.4 (Pa.

---

[1] There is no definitive proof that this stipulation and order had actually been issued by the Trial Court. It is undated, does not contain a stamp or other indicator showing that it was filed of record, and was emailed directly from Johnson's attorney to the Board.

[2] This alleged effective date is, of course, impossible and clearly incorrect, given that Johnson did not commit the crimes for which he was sentenced in January 2018 until June 14, 2017. *See* C.R. at 15-20, 50, 65, 67-68.

Cmwlth. 1990); *Ozolins v. Dep't of Educ.*, 372 A.2d 1230, 1231 (Pa. Cmwlth. 1977). He did not do so. Instead, as recounted above, Johnson's counsel submitted to the Board what was, in essence, a second request for administrative relief. *See* C.R. at 99-103. This request was denied and Johnson then appealed this denial, rather than the Board ruling that actually constituted a final order. *See* Petition for Review at 1 ("Johnson . . . hereby seeks review of the decision of the . . . Board . . . dated July 1, 2019 confirming [its] prior decision dated May 29, 2019[.]"). Therefore, we dismiss Johnson's Petition for Review due to lack of jurisdiction. *See Robinson v. Pa. Bd. of Prob. & Parole*, 547 A.2d 838, 839 (Pa. Cmwlth. 1988), *aff'd*, 582 A.2d 857 (Pa. 1990) (quoting *Altieri v. Pa. Bd. of Prob. & Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985)) ("The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. . . . The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers.").[3]

_____
ELLEN CEISLER, Judge

---

[3] Moreover, per its own administrative regulations, the Board did not have jurisdiction to rule upon the merits of the arguments raised and the documents presented by Johnson's counsel via email on June 18, 2019, as this email was both untimely and constituted an impermissible second request for relief from the Board. *See* 37 Pa. Code § 73.1(a)(1), (4), (b)(1), (3). Therefore, the Board should have dismissed Johnson's June 18, 2019 "petition for review" on procedural grounds.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdul Johnson, : 
                Petitioner : 
                  : 
        v. : No. 947 C.D. 2019
                  : 
Pennsylvania Board of : 
Probation and Parole, : 
              Respondent : 

# **O R D E R**

AND NOW, this 15th day of April, 2020, Petitioner Abdul Johnson's Petition for Review is DISMISSED for lack of jurisdiction.

_____
ELLEN CEISLER, Judge